HEYWOOD v. DOHERTY et al.

(Supreme Court, Appellate Term.    March 10, 1910.)

MASTER AND SERVANT (§ 80*)—SALARY CONTRACT—PRESUMPTION FROM RECEIPT OF SALARY.

The presumption from plaintiff having received her salary at regular and stated periods is that the salary so received was in full payment for services rendered, requiring proof to overcome it of a special agreement to pay additional compensation.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 80.*]

Appeal from City Court of New York, Trial Term.

Action by Myrtle C. Heywood against Henry L. Doherty and another. From a judgment on a verdict for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

W. H. Russell and Frank E. Carstarphen (N. Raymond Heater, of counsel), for appellants.

Van Sinderen Lindsley, for respondent.

PER CURIAM. The plaintiff has recovered a judgment for $779.88 against the defendants. It appears that the plaintiff was em-

ployed at a regular salary as an accountant by the defendants. She continued in this employment from June 2, 1906, to August 1, 1907. During this time, she received a regular salary, and was also paid the value of railroad tickets from Denver to New York. Before coming to New York, the plaintiff had resided in Denver. Her present action is predicated upon the claim that the defendants agreed to pay expenses incurred prior to her coming to New York, and agreed to pay her a salary larger than that which she was actually paid, and upon the claim that she worked overtime and incurred disbursements.

The plaintiff having received her salary at regular and stated periods, we think that the presumption is that the salary so received was in full payment for the services rendered. This presumption might, of course, be overcome by proof of a special agreement to pay additional compensation. A review of the whole record has led us to the conclusion that the plaintiff did not sustain the burden of proof, and that justice requires a new trial.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

GUY, J., taking no part.