KATHERINE ROBINSON, Respondent, *v.* WILLIAM C. MUNN, as Executor, etc., of DANIEL MUNN, Deceased, Appellant.

Third Department, November 15, 1923.

**Executors and administrators** — action against executor to recover for services rendered to decedent as nurse and housekeeper — evidence — mere promise by plaintiff to decedent's wife assented to by decedent to care for decedent as long as he lived not proof of contract alleged — plaintiff was paid regularly at approximately housekeeper's wages — evidence overcomes presumption that said payments were in full — decedent left $1,000 to plaintiff by his will — verdict of jury based on full value of services beyond amount paid should be reduced by amount of legacy — no error to permit introduction in evidence of unprobated codicil as declaration of decedent.

In an action to recover for services rendered as housekeeper and nurse which is based on an alleged contract between the plaintiff and the decedent, evidence that the plaintiff promised the wife of the decedent that she would care for the decedent so long as he lived, and that the decedent assented to that arrangement, does not fix definitely what services were to be rendered or what compensation was to be received and it did not, therefore, prove the contract alleged.

The presumption that the amount paid to the plaintiff regularly by the decedent, which amount represented approximately a housekeeper's wages, was in full payment of all claims for services, is overcome by the evidence which shows that at different times the decedent stated that he intended to pay her more than she was receiving from him regularly and from the further fact that the decedent left $1,000 to the plaintiff by his will.

The verdict of the jury in favor of the plaintiff under instructions to find the value of her services beyond the amount that she had been regularly paid apparently found the full value beyond that amount and did not take into consideration that the $1,000 legacy was in effect a part payment, and, therefore, the verdict should be reduced by the amount of the legacy.

The execution of a codicil to the will in which the decedent devised a house and lot to the plaintiff was properly admitted in evidence as a declaration of the decedent bearing on the plaintiff's contention that she had not been paid in full, though the codicil was not legally executed.

HASBROUCK, J., dissents.

APPEAL by the defendant, William C. Munn, as executor, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 14th day of April, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying the defendant's motion for a new trial made upon the minutes.

*Arthur F. Curtis,* for the appellant.

*A. G. Patterson,* for the respondent.

VAN KIRK, J.:

The complaint alleges a contract between the plaintiff and Daniel Munn, deceased, by which plaintiff was to render services to the said Munn, to be paid " for the kitchen work and as housekeeper during her stay there monthly," and was to have, in addition, compensation for her services as nurse to be adjusted later; that she rendered services from April 1, 1916, until the time of his death, November 28, 1921; that the reasonable value of her services as nurse was $18 per week; that payment was to be made for her services as nurse at the end of the employment; that in carrying out the agreement, Munn made a codicil to his will on September 28, 1921, in which he gave to plaintiff his residence in Walton, N. Y., of the reasonable value of $6,000; but that this codicil was never probated. Judgment is asked in the sum of $5,256.

The plaintiff cared for Mrs. Munn, the wife of the deceased, during her last illness in 1916. At this time she promised Mrs. Munn, at Mrs. Munn's request, to remain and care for her husband as long as he lived. She did remain. She was paid regularly each month for a time $30, and thereafter $40. There is a well-recognized and wholesome presumption that regular payments of wages are

payments in full for all services rendered. (*Reilly* v. *Burkelman,* 149 App. Div. 549.) The chief question on this appeal is whether or not this presumption has been overcome?

There is no proof of an express contract, other than the statement made by the deceased that his wife had made the plaintiff promise to remain and care for him as long as he lived. This, assented to by him, was a contract to remain and render services, but does not fix definitely what services should be rendered or what compensation should be received for any of the services rendered. It does not prove the contract alleged in the complaint.

The plaintiff has shown that she rendered services to the deceased, such as are usually rendered by a nurse as well as by a domestic servant. When plaintiff's promise to remain was secured Mr. Munn was an aged man and had a running sore on his leg; he was unable to retain his urine and at times to control his bowels. She massaged his leg every night, attended to the sore, bathed him, kept him clean, assisted him to his bed and during the day assisted him from his chair and when moving about. She was a qualified nurse, had been working as such and was so working for Mrs. Munn when she was employed to care for deceased. No other servant was employed in the house. The circumstances and relations of the parties were not such as to justify the conclusion that these services were to be gratuitous; but on the contrary, that they were to be paid for. A number of witnesses have testified to statements made by the deceased, in which he declared he would make her good for all she lost by remaining with him. On one occasion a physician desired to have the services of plaintiff for one of his patients and offered to procure some one to care for deceased while plaintiff was absent. The deceased said he could not get along without her; he needed her as bad as any one and he would see that she was paid for it in the end; that she would lose nothing; that he had made arrangements to take care of the plaintiff for all she would lose. Had she not received the regular monthly payments a jury would have been justified in allowing to her the reasonable value of all her services rendered. The payments which she has received are less than the real value of her services. She has received payments not greater than the value of her services as housekeeper. She did render valuable services as nurse. Every sense of equity appeals in favor of plaintiff. While we realize the danger of such a precedent, we think each case must stand on its own facts and we do not feel justified in holding in this case that there is not evidence sufficient to overcome the presumption which follows the regular payments and to sustain a verdict of the jury that plaintiff was entitled to compensation in addition to the

payments made; the conclusion from the evidence is reasonable that deceased and plaintiff understood that plaintiff was to be paid for nursing and caring for him, and that she has not been paid for that service.

But we think that, unless the amount of damages is reduced, a new trial must be granted. A number of the declarations of deceased were consistent with the intent upon his part to compensate her for her services, beyond those for which he was paying regularly, by making a bequest to her in his will. The allegation in the complaint is that he had made a codicil in which she was so compensated. He did make his will May 11, 1921, over five years after her services began and only six months before his death, in which he gave her $1,000. We think the evidence very strong that he intended this as payment, or at least part payment for services. No reason is disclosed why he should make her a bequest except that she had rendered services. As the case was submitted to the jury they were called upon to find the value of her services beyond the amount that she had been regularly paid. The only mention of the $1,000 legacy made by the court to the jury was in answer to a request to charge that the jury have a right to take into consideration the fact that he did provide for her in the will the sum of $1,000; and the court so charged. The jury have found a verdict in her favor of $2,200. There is nothing to indicate that the jury intended to award her $3,200, but deducted the legacy, or that this award of $2,200 is other than the full value of her services, in addition to the amount she had been regularly paid. The court, near the end of the charge, said: " If you come to the conclusion this plaintiff is entitled to recover, the amount you should give her is the value of her services at the rate for similar services in the village of Walton during a similar period of time. Such amount runs, I think, from $20 to $35 a week." The fair inference to be drawn is that the $2,200 is in the estimation of the jury the value of the services above the payments regularly made, and without making any allowance for the $1,000 legacy.

We do not think the court erred in permitting proof of the execution of the codicil to the will. Admitting it was equivalent to admitting declarations of the deceased, and the court correctly reminded the jury that the codicil was not legally executed.

The judgment should be reversed and a new trial granted, unless the plaintiff stipulates to reduce her damages to the sum of $1,200; if she so stipulates, the judgment should be affirmed, without costs.

H. T. KELLOGG and HINMAN, JJ., concur; HASBROUCK, J., dissents on the authority of *Reilly* v. *Burkelman* (149 App. Div. 548); McCANN, J., not sitting.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the verdict to $1,200; in which event the judgment is so modified and as modified judgment and order affirmed, without costs.