FRANKLIN P. ROBERGE, Appellant, *v.* ROBERT E. BONNER et al., as Executors of ROBERT BONNER, Deceased, Respondents.

1. EVIDENCE. Upon the trial of an action founded upon an alleged verbal agreement under which the plaintiff claimed that the defendants' testator promised to pay him a specified sum during the lifetime of the testator or leave him that sum in his will as compensation for professional services rendered, the exclusion of certain entries made by the testator in his diary, which in no way tended to prove the alleged agreement, does not constitute reversible error.

2. CHARGE AS TO PREPONDERANCE OF PROOF. An instruction that the plaintiff must satisfy the jury by "clear, convincing and conclusive" evidence of the justice of his claim, while technically erroneous, as violating the rule that in such a case the jury must be satisfied by a fair preponderance of the evidence only, does not constitute reversible error, where the charge, considered as a whole, fairly and correctly stated such rule and required the jury to base its verdict upon the preponderance of evidence.

*Roberge* v. *Bonner*, 94 App. Div. 342, affirmed.

(Argued May 10, 1906; decided May 25, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May

26, 1904, affirming a judgment in favor of defendants entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Rastus S. Ransom* and *William N. Kennedy* for appellant. The trial judge erred in excluding certain entries made by Robert Bonner, concededly in his handwriting, in diaries kept by him, all referring to plaintiff, which were offered in evidence by plaintiff as types of many other similar entries contained therein, made from time to time, during almost the entire period of the contract alleged in the complaint. (Starkie on Ev. 467, 468 ; 1 Greenl. on Ev. [13th ed.] § 120 ; *Platner* v. *Platner,* 78 N. Y. 99 ; 1 Greenl. on Ev. [16th ed.] § 108 ; Stephen's Dig. [Beers' ed.] art. 3, pp. 14, 17, 18 ; *Stirling* v. *Buckingham,* 46 Conn. 464 ; *Hurlburt* v. *Hurlburt,* 128 N. Y. 420 ; *Ostrander* v. *Snyder,* 75 Hun, 378 ; *Polhamus* v. *Moser,* 7 Rob. 489 ; *Murphy* v. *Boker,* 3 Rob. 1 ; *Scholey* v. *Mumford,* 64 N. Y. 521 ; *Rumsey* v. *Cook,* 9 Hun, 129 ; *Hates* v. *Ball,* 72 N. Y. 418.) The trial judge erred in charging the jury that, in order to find a verdict for the plaintiff, they must be satisfied that he has established his claim by clear, convincing and conclusive proof, instead of charging the true rule, as to the degree of proof required in civil actions at law, triable by a court and a jury, viz., that, to determine the existence of any act or question in issue in favor of the party upon whom the burden of proof rests, or to find a verdict for the plaintiff, they need only be satisfied that such fact, question or the plaintiff's case has been established by a fair preponderance of evidence. (*White* v. *Benjamin,* 138 N. Y. 623 ; *Rosenstein* v. *Fox,* 50 N. Y. 354 ; *A. C. S. Bank* v. *McCarty,* 149 N. Y. 71 ; *Wilson* v. *Parshall,* 129 N. Y. 223 ; *Shakespeare* v. *Markham,* 10 Hun, 311 ; *Gall* v. *Gall,* 29 Abb. [N. C.] 19 ; *Hamlin* v. *Stevens,* 177 N. Y. 39 ; *Winne* v. *Winne,* 166 N. Y. 263 ; Pom. on Spec. Perf. §§ 145, 159 ; *Stanton* v. *Miller,* 58 N. Y. 192 ; *Mahaney* v. *Carr,* 175 N. Y. 461.)

*William N. Cohen, Frederick B. Van Vorst, Ralph G. Miller* and *Charles F. Haviland* for respondents. The court correctly charged the jury that, in order to find a verdict for the plaintiff, they must be satisfied that he has established his claim by "clear, convincing and conclusive proof." (*Rosseau* v. *Rouss,* 180 N. Y. 116; *Lucas* v. *Boss,* 110 App. Div. 220; *Ide* v. *Brown,* 178 N. Y. 26; *Garrison* v. *Akin,* 2 Barb. 25; *M. C. Works* v. *Schad,* 38 Hun, 71; *Williams* v. *C. R. R. Co.,* 93 App. Div. 587; *Prater* v. *Frazier,* 11 Ark. 249; *Vaughn* v. *Hann,* 6 B. Mon. 338; *Haven* v. *Markstrum,* 67 Wis. 493.) The extracts from the diaries of Robert Bonner offered in evidence on behalf of the plaintiff were properly excluded. (*Ward* v. *Hasbrouck,* 169 N. Y. 420; *Matter of Gallagher,* 153 N. Y. 368; *Waldele* v. *N. Y. C. & H. R. R. R. Co.,* 95 N. Y. 274; *Tilson* v. *Terwilliger,* 56 N. Y. 273; *Moore* v. *Meacham,* 10 N. Y. 207; *Matter of Taylor,* 9 Paige, 610; *Davis* v. *Gallagher,* 124 N. Y. 487; *Simons* v. *Steele,* 82 App. Div. 202; *Laidlaw* v. *Sage,* 158 N. Y. 94; *Johnson* v. *N. Y. C. & H. R. R. R. Co.,* 173 N. Y. 83.)

*Per Curiam.* This action is founded upon an alleged verbal agreement under which the plaintiff claims that the defendants' testator promised to pay him the sum of $100,000 during the lifetime of the testator, or to leave him that sum in his will, as compensation for services alleged to have been rendered in the capacity of a veterinary surgeon. The jury rendered a verdict in favor of the defendants, and upon appeal the judgment entered upon that verdict was affirmed by the Appellate Division.

Since it is practically conceded that there was sufficient evidence upon the general issue to justify the verdict rendered, the only questions open for consideration on this appeal arise upon two exceptions. The first relates to the exclusion of certain evidence, and the second to a portion of the trial court's charge made in response to a request of defendants' counsel.

(1) As to the first exception which arises upon the exclusion of certain entries made by the testator in a diary which he

kept, and which the plaintiff relies upon to corroborate his evidence as to the contract alleged to have been made, it is sufficient to say that an examination of these entries discloses clearly that they in no way tended to prove the alleged agreement, and the ruling, therefore, did no harm.

(2) At the conclusion of the charge in chief the counsel for the defendants made the following request: "Your Honor also used the expression that the plaintiff must satisfy the jury by a fair preponderance of evidence of the justice of his claim. My contention is that he must satisfy them by clear, conclusive and convincing evidence of this character." To this the learned trial judge replied : "I do not object to charging that. If not so understood I will tell the jury that was my intention. The proof must be clear, convincing and conclusive in your minds. I will so charge." It is doubtless true that in complying with this request the court committed a technical error, since this portion of the charge went beyond the rule as to the degree of evidence required to justify or support a verdict in a civil case, the rule being in such a case that the jury must be satisfied by a fair preponderance of the evidence. It was in the light of this rule, and to emphasize its extent as well as its limitations, that Judge VANN, in writing for this court in a recent case involving an unusual contract and open to suspicion, said : "We have repeatedly held that such a contract must not only be definite and founded on an adequate consideration, but also that it must be established by the clearest and most convincing evidence." (*Rosseau* v. *Rouss,* 180 N. Y. 116, 121.) The language quoted clearly defines the rule applicable to such a case as this. Proof may be required to be clear and convincing without transcending the rule of preponderance. But the word "conclusive" has a larger meaning, and, when used in connection with the evidence required to prove a given fact, calls for a much higher degree of proof than has ever been held to be necessary in a civil action.

We are not satisfied, however, that this error was of such a substantial character as to require a reversal of the judgment

herein. When the passage of the charge referred to is considered in connection with that part of the charge in which the learned trial judge had fairly and correctly laid down the rule in such cases, it is quite evident that the jury could not have been misled. Referring to this rule of evidence the trial court instructed the jury as follows: "The law in this case, and indeed in every case, is that a party coming into a court of justice must satisfy the jury by what is called a fair preponderance of evidence as to the justice of his claim. What we mean by the fair preponderance of evidence is this: Preponderance refers to something that may be weighed. Of course, we cannot get a pair of scales, and by some arbitrary method put on one side the testimony of the plaintiff and on the other side the testimony of the defendant and say which one outweighs the other, or whether it is evenly balanced, but you are to try to do that mentally as far as possible. The law says that unless the plaintiff satisfies you throughout the entire case of the correctness of his story to such an extent that it outweighs the proof of the defendants, he cannot recover. In other words, if the testimony is evenly balanced, it shows that there is some doubt in your mind; that is not sufficient; that is, if the testimony of the plaintiff weighs just the same as that of the defendant you must find for the defendant; that is the law. The plaintiff can only recover where his testimony outweighs that of the defendant."

More might be quoted from the charge to show that the trial court most cogently and clearly impressed upon the minds of the jury their duty to weigh the evidence of the respective litigants and that their verdict must follow the preponderance of the evidence. Under these circumstances we think the error in the charge complained of is more technical than substantial, and, therefore, the judgment herein should be affirmed, with costs.

HAIGHT, VANN, WERNER and HISCOCK, JJ., concur; CULLEN, Ch. J., and O'BRIEN, J., not voting; WILLARD BARTLETT, J., taking no part.

Judgment affirmed.