KILMER v. QUACKENBUSH et al.

(Supreme Court, Appellate Division, Third Department. March 19, 1908.)

1. EXECUTORS—ACTIONS—EVIDENCE OF LOAN.

In an action by an executor to recover money loaned by his testatrix, evidence to show check given to defendants by testatrix, and that she was not indebted to them "for borrowed money or any board money," is not sufficient to show a loan, as the presumption is that the money was paid because it was due them by her.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 1858–1876.]

**2. APPEAL—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE.**

The admission of evidence offered by defendant, which under Code Civ. Proc. § 829, excluding the testimony of interested persons in an action by an executor, is inadmissible, is harmless error where plaintiff's evidence does not make a case for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4035, 4036, 4153–4160.]

Appeal from Trial Term, Schenectady County.

Action by Thalas S. Kilmer, as executor of Helen Quackenbush, against Anthony Quackenbush and Maggie E. Quackenbush. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Thomson, Woods & Smith (Thomas Woods, of counsel), for appellant.

Jacob W. Clute (Alonzo P. Strong, of counsel), for respondents.

COCHRANE, J. The action is for money loaned by plaintiff's testatrix to the two defendants who are husband and wife. The amended answer consists of a denial of the loan and an allegation that the money alleged to have been loaned was a gift of the testatrix to the defendant Anthony Quackenbush.

At the trial plaintiff proved a check of the deceased on the Schenectady Savings Bank payable to the defendant Maggie E. Quackenbush or bearer, and that it was presented to the bank and paid to her. He then called said Maggie E. Quackenbush as a witness, and proved by her that the deceased was not indebted to her "for borrowed money or any board money owing" to her. He then called the other defendant as a witness, and proved by him that he received the amount of the check from his wife, and that "Mrs. Quackenbush" was not indebted to him at that time "for borrowed money or money loaned." Plaintiff then rested, and the court dismissed the complaint as to the defendant Anthony Quackenbush, and denied the motion for a dismissal as to his wife.

The only criticism which can be made as to such ruling is that the court did not at that juncture dismiss the complaint as to both defendants. Perhaps plaintiff had in mind that he had negatived the presumption of an antecedent indebtedness by the deceased, but he had only established a lack of indebtedness for borrowed money or board. The presumption was that this payment was made because it was due, and not as a loan. Matter of Baldwin, 11 App. Div. 555, 42 N. Y. Supp. 642.

The court having refused to dismiss the complaint as to the wife she thereupon called her husband as a witness in her behalf. His testimony tended to establish a gift from the deceased to himself. Plaintiff now complains that this testimony was inadmissible under section 829 of the Code of Civil Procedure. Such testimony however was not prejudicial to plaintiff, because without it there was no question for the jury. If this testimony be disregarded, plaintiff had failed to prove that the check was not given for an antecedent indebtedness from the deceased to the wife.

The judgment and order should be affirmed, with costs. All concur.