CHARLES A. SATTERLY, Appellant, *v.* EDWARD E. DEWICK, Individually and as Sole Executor, etc., of SARAH A. SATTERLY, Deceased, and Others, Respondents.

Second Department, December 30, 1908.

Real property — conveyance to wife to defeat claims against husband — suit by stepson to compel conveyance — effect of failure to deliver deed — consideration for promise to convey — parent and child — services rendered to stepmother.

Where a husband causes lands to be conveyed to his wife for the purpose of avoiding the claims of another wife then living, equity will not set aside a devise of said lands by the grantee to her brother and compel a conveyance from him to the grantee's stepson pursuant to an alleged agreement by the decedent to make such conveyance.

This is true, although the wife at the time drew and executed a conveyance to her stepson, if it was never delivered, for the mere execution of a deed gives no title, if the proposed grantee had no enforcible interest in the lands.

In the absence of such enforcible interest, any promise to convey made by the wife was without consideration, even though the proposed grantee was induced to decline the conveyance by the promise.

Services rendered to an aged stepmother are presumed to be gratuitous.

Evidence examined, and *held*, not sufficiently clear and convincing to establish an agreement by a wife to convey lands to her stepson in consideration of the payment of taxes and insurance by him.

APPEAL by the plaintiff, Charles A. Satterly, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Suffolk on the 22d day of July, 1908, upon the decision of the court, rendered after a trial at the Suffolk Special Term, dismissing the complaint upon the merits.

Action to set aside a devise made to the defendant, a brother of the testatrix, upon the ground that she had created a trust thereof in favor of the plaintiff, her stepson. The plaintiff's father married the testatrix while having a former wife still living, and on purchasing lands had the title taken in the name of the second wife to protect them from the claims of the other. The plaintiff claimed that the testatrix acknowledged her husband's equitable title and agreed that when she died the lands should go to the plaintiff who was a son by a former wife. Evidence was given that upon the

death of his father the plaintiff supported his stepmother but upon her death she left a will devising the lands to her own brother.

*Thomas J. Ritch, Jr.*, for the appellant.

*Rowland Miles*, for the respondents.

Judgment affirmed, with costs, on the opinion of Mr. Justice JAYCOX at Special Term.

WOODWARD, JENKS, HOOKER, GAYNOR and RICH, JJ., concurred.

The following is the opinion delivered at Special Term:

JAYCOX, J.:

The evidence does not satisfy me that the title to this property was taken in the name of Sarah A. Satterly under any agreement or arrangement by which Charles A. Satterly could have compelled a conveyance to himself. There is no proof of any arrangement of that character. The proof, if it shows anything in that respect, shows that Charles W. Satterly placed the title in the name of Sarah A. Satterly to avoid the claims of another wife of said Charles W. Satterly who was then living. Under this agreement, if such it may be termed, Charles A. Satterly had no rights which equity would have enforced.

It is true the testimony indicates that Sarah A. Satterly at one time executed, or had prepared, a conveyance to Charles A. Satterly and a will to the same effect, but there is no claim or proof that the deed was delivered or that the title in any way passed by it to the grantee. The preparation, or even the execution, of the deed had no effect upon the title unless delivered if the grantee had no enforcible interest prior thereto in the premises. And if Charles A. Satterly had no enforcible interest any promise made by Sarah A. Satterly at that time, or any other time, was without consideration and cannot be enforced, even though by such promise Charles A. Satterly was induced to decline the conveyance. The declination of such conveyance furnishes no consideration for the promise to convey to some one else.

This action, as I view it, falls within the reasoning of *McCartney* v. *Titsworth* (119 App. Div. 547) and *Fagan* v. *McDonnell, No. 1* (115 id. 89). The will, of course, could be changed at any time

and only indicates the intention which she then had. The cases cited by plaintiff all uphold a parol agreement upon the ground that not to do so would allow a fraud to be perpetrated. I do not think it is true here. Certainly it is not if Charles A. Satterly had no enforcible interest in the premises.

The presumption would be that these services rendered to this aged lady, even though only plaintiff's stepmother, were gratuitous. Every conversation between parents and children under the circumstances here shown should not be construed as a contract. The testimony here is not of that clear and convincing character necessary to establish an agreement between Sarah A. Satterly and the plaintiff by which she was to give him the premises in consideration of his payment of taxes and insurance. (*Roberge* v. *Bonner*, 185 N. Y. 265; *Rosseau* v. *Rouss*, 180 id. 116.)

The defendants are entitled to a decree dismissing the complaint on the merits, with costs.