In the Matter of the Judicial Settlement of the Account of Proceedings of JOSEPH O'DONNELL, as Administrator, etc., of JAMES F. O'DONNELL, Deceased.

Surrogate's Court, Albany County, November, 1922.

Executors and administrators — claim against estate based on checks drawn by claimant to decedent's order — evidence insufficient to establish liability.

A disputed claim against a decedent's estate must be established by evidence that is clear and convincing.

In the absence of explanation the presumption arises that money was paid because it was due and not as a loan.

Part of a disputed claim against decedent's estate was founded upon two checks; one drawn by claimant and alleged to have been indorsed by decedent was paid by a trust company.   This check was not produced upon the trial.   The other check drawn by claimant on the same trust company to the order of decedent was paid.   *Held*, that assuming that the proceeds of both checks were received by decedent, the value of whose personal estate was appraised at nearly $200,000, there was no presumption that the transactions concerning the checks were loans and advancements.

In regard to the other item of $300 alleged to have been delivered to decedent at a hospital, a few days before his death, the evidence was to the effect that on that occasion he asked, " Well, did you get that money?" whereupon claimant produced the money and decedent took it.   *Held*, that in the absence of proof of whose money it was and where it came from the presumption was that it was not a loan.

Some months before his death decedent requested that a certain sum, nearly the amount of the two checks, which he stated was in a safe in a café conducted by another person, should be delivered to claimant.   After the death of decedent the safe, to which at least two persons had access, was opened but the money was not there and there was no proof as to what became of it.   The claimant made no mention of his claim to the owner of the café until a year after decedent's death.   *Held*, that assuming decedent's statement was an admission of indebtedness, it being unsupported by other evidence was insufficient to establish a liability on the part of the estate, and the claim as a whole is disallowed.

PROCEEDINGS for final judicial settlement of the account of an administrator.

*John J. Conway* and *Rollin B. Sanford*, for administrator.

*Abbott H. Jones*, for claimant.

LAWYER, S.   In this accounting there is involved the claim of Joseph Ralph for moneys loaned and advanced to the intestate, consisting of three items aggregating the sum of $8,900.

James F. O'Donnell died in the city of Albany on the 3d day of May, 1921, and letters of administration were issued May 4, 1921.

The value of the personal estate was appraised as of the sum of $191,370.90. A transfer tax thereafter assessed and paid amounted to the sum of $4,000.

The nature of the transactions upon which the claim is based is not clearly disclosed. Two items thereof are founded upon checks. One check for the sum of $6,400, drawn by the claimant, is alleged to have been indorsed by O'Donnell and paid September 11, 1919, by the Citizens Trust Company of Schenectady. The check was not produced on the trial of this claim.

A second check for the sum of $2,200, dated May 19, 1920, drawn on the same trust company by the claimant to the order of the intestate, was paid. This check, although payable " to the order of James O'Donnell," was indorsed only by " R. C. Schuster." O'Donnell's name does not appear on the back of the instrument.

Assuming that claimant made and delivered these checks to O'Donnell and that the proceeds therefrom were received by him, there is no presumption that the transactions were loans and advancements. No principle of law is better settled than that where one pays money to another, in the absence of any explanation as to the cause of payment, the presumption exists that the money was paid because it was due and not as a loan. *Kilmer* v. *Quackenbush*, 125 App. Div. 352; *Sayles* v. *Olmstead*, 66 Barb. 590.

The third item, consisting of $300 in currency, was delivered to O'Donnell at a hospital a few days before his death. By the testimony it is established that when claimant came to the hospital on that occasion, O'Donnell asked, " Well, did you get that money? " Ralph then produced the money and O'Donnell took it. There is nothing to show whose money was delivered or where it came from.

A person possessed of personal property of the value of nearly $200,000 would not be presumed to be in a position where he would require a loan of $300.

But one further point need be considered. It is testified that six or eight months prior to his decease, O'Donnell stated that there was the sum of $8,500 in a safe in a café, which he requested to be delivered to Ralph. O'Donnell had had no place of business where the café was located for a long time before. At least two persons had access to the safe. After O'Donnell's death the safe was opened and the money was gone, but there is no testimony to prove what became of it. Ralph himself did not speak to the owner of the café and one of the persons who had custody of the safe concerning his claim until the month of May, 1922.

On behalf of the claimant, it is insisted that O'Donnell's statement that there was money in the safe to be paid to Ralph was an admission of an indebtedness. If so, it is not supported by any other evidence. It is a primary rule that proof of oral admissions of a party is considered the weakest kind of evidence and is always to be accepted with scrutiny and caution.

While it is not necessary that a claim against the estate of a deceased person be proved by more than a preponderance of evidence or that the promise be in writing, still consideration must be given to the fact that the alleged promisor is dead and in order that a claimant may recover he must produce evidence that is clear and convincing. *Roberge* v. *Bonner*, 185 N. Y. 265; *McKeon* v. *Van Slyck*, 223 id. 392.

The facts in this proceeding are insufficient to establish a liability on the part of the estate. The claim is, therefore, disallowed.

Decreed accordingly.