In the Matter of the Estate of PETER BAKOS, Deceased.

Surrogate's Court, Erie County, July 28, 1937.

*Charles A. White*, administrator, in person.

*Dinah R. Rosenblatt*, for Edward A. Davis, claimant.

*John J. Bennett*, Attorney-General of the State of New York, by *Edward E. Tanner*, Deputy Attorney-General.

*Gordon Gannon*, special guardian.

HART, S. It is claimed by Edward A. Davis that prior to and in contemplation of death the above-named decedent gave to him certain postal savings certificates in the amount of $1,400 and this constituted a gift *causa mortis*. Through the medium of Anthony A. Petrino, an attorney, Davis delivered these certificates, which he claimed were in his possession, to the public administrator, not waiving his claim, however.

The certificates read as follows:

" FIVE . FIVE

POSTAL SAVINGS SYSTEM

The faith of the United States is solemnly pledged to the payment of deposits with accrued interest.

Act of June 25, 1910.          Serial No.
Buffalo, N. Y.                 Date of issue:
Depository Office              Date when interest begins:
Name of Depositor:
Account No.

POST OFFICE DEPARTMENT.

" This certifies that the sum of Five Dollars has been deposited with the Postal Savings Department and will be payable to the depositor at the above named Depository Office, with interest at the rate of two percent per annum, payable annually upon the presentation of this Certificate properly endorsed.

" (Signed) JAMES A. FARLEY,

" Post Master General.

" Not Transferable

" Not Negotiable                                                    Series of 1917.

" FIVE                                                                    FIVE "

It is claimed by the Attorney-General of the State of New York and the public administrator, among other things, these certificates, under the Postal Savings Laws and Regulations and particularly being designated under those laws and regulations non-transferable and non-negotiable, cannot be the subject of a gift *causa mortis*. It is by virtue of section 1607 of the Postal Savings Laws and Regulations that the words " non-transferable " and " non-negotiable " appear on each certificate. A study of the sections relating to these certificates discloses that the form of issuance, the method of payment and withdrawal, both during the lifetime of a holder and after death, appear to be predicated upon the non-transferability and non-negotiability of the certificates. It is quite significant that paragraph 3 of section 1619 of the Postal Laws and Savings Regulations provides:

" A depositor may not designate a beneficiary to receive payment except through the formality of a will, and payment shall be made to the person or persons authorized."

The question now confronting this court is the effect of these laws and regulations. Are they illegal, void, of no effect and unconstitutional and beyond the power of the Post Office Department to make or promulgate? If so, then the common law and statutory law of the State of New York determines the ownership and this court must act accordingly and ignore the Postal Laws and Regulations.

However, in the case of *Warren* v. *United States* (68 Ct. of Claims, 634, at p. 638; affd., 281 U. S. 739), and which involved treasury saving certificates, it was said: " At the outset it is well to note that this is a suit on a contract between the plaintiff's testator and the United States. This contract was entered into by the Secretary of the Treasury as the representative of the defendant under authority of the act of Congress and in conformity to the regulations made and promulgated by him before the execution of the contract, under authority given him by said

statute, and the statute was passed in the exercise of the constitutional powers of Congress to borrow money. The contract having been entered into in conformity to the act and under the authorized regulations previously made and promulgated, both the act and the regulations must be read into the contract, became a part thereof at the time the contract was executed, and limit and fix the rights of the plaintiff's testator as the purchaser of the certificates."

Later on in the opinion is found the following quotation taken from the case of *Maryland Casualty Co.* v. *United States* (251 U. S. 342, 349): " It is settled by many recent decisions of this court that a regulation by a department of government, addressed to and reasonably adapted to the enforcement of an act of Congress, the administration of which is confided to such department, has the force and effect of law if it is not in conflict with express statutory provision." (See, also, *United States* v. *Sacks*, 257 U. S. 37; *Brown* v. *White*, 24 F. [2d] 392; 65 C. J. 367; *United States* v. *Birdsall*, 233 U. S. 223; *United States* v. *Smull*, 236 id. 405; *United States* v. *Maurice*, 2 Brock. 96, 105.)

I am of the opinion that this rule of law, expounded in these cases, applies to the instant case and, therefore, find that the postal savings certificates belong to the estate of Peter Bakos and not to Edward Davis.