RALPH H. HATFIELD, Plaintiff, v. DOROTHY BUCK, Defendant.

Supreme Court, Special Term, Kings County, December 17, 1948.

*Cahill, Gordon, Zachry & Reindel* for plaintiff.

*Amen, Bushnell & Butler* for defendant.

HEARN, J. Plaintiff moves herein for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

The action is brought to secure a judgment declaring plaintiff the owner and entitled to the immediate possession of certain United States savings bonds of total face value of $3,650. The complaint alleges further that the bonds are registered in plaintiff's name as sole owner, that they were delivered for safekeeping to plaintiff's son, Charles H. Hatfield, and that defendant is in possession of the bonds and wrongfully refuses to give them up.

The answers admits defendant's possession, but denies that plaintiff is the owner of the bonds and entitled to their possession. By way of an affirmative defense and counterclaim the answer alleges that Charles H. Hatfield, the son of the parties, is in defendant's custody, the plaintiff and defendant being separated. It further alleges that plaintiff has declared that the bonds should constitute an irrevocable trust fund to defray the expenses of a college education for the son; that pursuant to this declaration the bonds were registered as payable to the son on plaintiff's death and that plaintiff now intends to secure possession of the bonds to divert them to purposes other than those of the trust and thereby breach the trust. The counterclaim asks for an affirmative judgment declaring that the bonds constitute a trust fund and appointing a trustee to administer the same.

Plaintiff moves to strike out the answer and counterclaim upon the ground that the trust alleged therein is contrary to the regulations of the Treasury Department pursuant to which the bonds were issued and that it is consequently unenforcible. Defendant contends that the regulations have not been violated since this case does not involve an *inter vivos* transfer but merely a declaration that the bonds are being held under an irrevocable trust established by plaintiff.

The pertinent Treasury Department regulations, which have the force of law, unequivocally prohibit a " voluntary transfer inter vivos " of such bonds (Code of Fed. Reg., 1945 Supp., tit. 31, §§ 315.11, 315.13; *Matter of Bartlett*, 71 F. Supp. 514; *Saper* v. *Sussman*, 185 Misc. 277; *Matter of Bakos*, 163 Misc. 940). By definition, a transfer is " an act * * * by which the title to property is conveyed from one living person to another"

(63 C. J., at p. 779; Bouvier's Law Dictionary). One of the essential elements necessary to create a valid trust of personal property is " the actual delivery of the * * * property * * * to the trustee, with the intention of passing legal title thereto to him as trustee " (*Brown* v. *Spohr,* 180 N. Y. 201).

Hence, a finding by the court that an irrevocable trust was created by plaintiff would necessarily have to be predicated upon such passing of title and transfer of the bonds as is explicitly barred by the regulations of the Treasury Department.

Plaintiff's motion for summary judgment is, therefore, granted.