Russell G. Hunt, J.
The administrator herein seeks to recover damages for the death of the intestate, his eight-year-old son, who was drowned on May 28,1952, at about 3:30 p.m., when he fell into an abandoned and water filled quarry adjacent to the east side of State highway Route No. 32, at the north end of the bridge, in Quarryville, Ulster County. The claim was filed on August 20,1952, and served on the Attorney-General on the same day.
It is alleged that the State was negligent in the maintenance of the east shoulder of the highway in that as the intestate passed over it, a slide started and he was catapulted into the west end of the quarry. This was the testimony of intestate’s brother, Thomas Green, who was about seven years of age at the time (13 years of age at the time of trial). The intestate’s mother responded to the call of an accident that had befallen her son and she went to the east shoulder of the road above the quarry. She testified she saw marks indicating that an object had gone down the incline from the shoulder to the water and this was pointed out to her by Thomas as the path of the intestate as he slid down.
The State called as witnesses two disinterested persons who contradicted the evidence for claimant. The first was Edward J. White who was the driver of a bakery truck which was passing the scene when the intestate’s mother stopped him and sought his help. The mother told him that the intestate had fallen from the north ledge of the quarry into the water and she went to the hill above the north ledge and pointed out the intestate’s path downward. Mr. White dove twice *147 into the water, but, was unable to find the intestate. The ledge pointed out by Mrs. Green, this witness testified, was on the north side of the quarry and some distance from the east shoulder of the highway. The second disinterested witness called by the State was Alva Helm who lived nearby. He testified that he brought a grappling iron to the quarry and he accompanied State Trooper Michael Lisman to the edge of the water on the south side thereof and the intestate’s brother, Thomas, pointed out the direction of the deceased’s plunge down the hill and over the north ledge into the water. Mr. Helm testified the grass and shumac had been bent down in the direction of the quarry and at the place to which Thomas pointed.
State Trooper Michael Lisman was called by the State and he testified he worked with Mr. Helm in the rescue attempt. His testimony was that Mrs. Green could not tell him the place where the boy fell into the water, and that it was her son, Thomas, who pointed to the north ledge as the place from which the intestate fell.
The place from which the deceased fell, and the hill down which he fell to the water, were a considerable distance from the highway and not within the highway limits.
The factual question immediately presented is whether the accident happened as contended for by the claimant. To establish this, the claimant is bound to prove his contention by a fair preponderance of the evidence (Roberge v. Bonner, 185 N. Y. 265, 269). This does not mean a greater number of witnesses, because “ witnesses are weighed, not counted” (Nelson v. Easton & Amboy R. R. Co., 7 Misc. 656, 659); and, the trier of the facts is free to take that evidence which he believes to be credible. Where the overwhelming weight of the credible evidence is against the party having the burden of proof it must be held that he has failed (Kay v. Metropolitan St. Ry. Co., 163 N. Y. 447). This is the case here. The claim is dismissed. The findings submitted by the parties have been marked and returned to the clerk.
This constitutes the decision herein pursuant to section 440 of the Civil Practice Act.
Let judgment be entered accordingly.