John E. Cone, J.
In an action to recover moneys allegedly deposited with, the defendant corporation as security under a lease, the defendants move for summary judgment.
On November 14, 1952, plaintiffs entered into a contract to purchase an automobile sales agency from Prospect Motors, Inc., conditioned upon plaintiffs being able to procure a purchaser of the real property in which the agency was located for $185,0Q0 in cash. The owner of the property was Carbetty Realty Co., Inc. Plaintiffs assigned their interests in the contract to Land Motors, Inc., and on November 26, the latter, together with the plaintiffs, entered into a written agreement with defendant Jack Hoffman wherein he agreed to purchase the property owned by Carbetty Realty Co., Inc., and on acquisition of title would grant a lease of the property to Land Motors, Inc., for 15 years at an annual rental of $22,000. The proposed lease was attached to the contract, made part thereof, and con *104 tained therein the following pertinent provisions: ‘ ‘ 15th. The Tenant has this day deposited with the landlord the sum of $25,000 as security for the full and faithful performance by the Tenant of all the terms, covenants and conditions of this lease upon the Tenant’s part to be performed, which said sum shall be returned to the Tenant, after the time fixed as the expiration of the term herein, provided the Tenant has fully and faithfully carried out all of said terms, covenants and conditions on Tenant’s part to be performed. * * * 28th. With reference to paragraph 115th ’, it is understood and agreed that the landlord is expressly given the right to pse the $25,000 security as part of the purchase price of $185,000 for the purchase by the Landlord of premises 521-539 4th Avenue, Brooklyn, New York, and to continue to use said money for such purpose; it being the intention of the parties that under no circumstances shall this $25,000 be considered as trust moneys and that no interest shall be due and payable to the Tenant for said money. ”
The agreement further provided that at the signing of the contract for the purchase of the realty, the plaintiffs would deposit with Hoffman $18,500 of the security on the lease, it being the intention of the parties that this sum be used by Hoffman as the first payment on the contract for the purchase of the real estate.
Thereafter Hoffman assigned his interest in the contract to Grladol Bealty Corporation and the latter acquired title to the real property on December 23, 1952. As landlord, it on that day, leased the property to Land Motors, Inc., the lease containing the provisions of the above-quoted paragraphs of the proposed lease. The $25,000 provided for as security under the lease was paid by two checks of Land Motors, Inc., one in the sum of $18,500 made payable to Marshall, Bratter, Klein & Green, the attorneys for Carbetty Bealty Co., Inc., the seller of the real property, and the other in the sum of $6,500 made payable to Carbetty Bealty Co., Inc. The said checks were credited to Gladol Bealty Corporation as a part of the purchase price of the realty.
Land Motors, Inc., thereupon entered upon the premises and occupied the same pursuant to the lease. On November 14, 1957, it assigned all of its right, title and interest in said $25,000 to the defendants Hoffman and Leppo and received the sum of $9,000 in consideration therefor. On February 28, 1958, a warrant of eviction was issued against Land Motors, Inc., by reason of nonpayment of rent and subsequently it was evicted from the premises. Plaintiffs, as assignees of Land Motors. *105 Inc., bring tbe action herein to recover the sum of $16,000, being the difference between the sum of $25,000 and the sum of $9,000 received by- Land Motors, Inc., from defendants Hoffman and Leppo, asserting that Gladol Realty Corporation converted the $25,000 by using the same as part of the purchase price of the real property in violation of section 233 of the Real Property Law, and that the defendants fraudulently induced Land Motors, Inc., to assign its interest in the said $25,000 by representing that the said sum was not returnable until 1967 .whereas in fact it was repayable upon demand since defendants converted the same.
Section 233 of the Real Property Law, provides: ‘ ‘ Whenever money shall be deposited or advanced on a contract for the use or rental of real property as security for performance of the contract or to be applied to payments upon such contract when due, such money, with interest accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance, and shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving the same, but may be disposed of as provided in section thirteen hundred and two-a of the penal law. Any provision of such a contract whereby a person who so deposits or advances money waives any provision of this section is absolutely void.”
This section of the Real Property Law is not applicable to the facts herein. A trust of personal property cannot come into existence until there is an actual delivery to the trustee of the property intended to be the subject of the trust (Hatfield v. Buck, 193 Misc. 1041). The $25,000 was never delivered to Gladol Realty Corporation or any of its officers but was paid by the tenant direct to the owner of the real estate or its attorney towards the purchase of the realty by the defendant corporation. Thus, at most, a relationship of debtor and creditor came into existence between the tenant and Gladol Realty Corporation.
In any event under section 233 of the Real Property Law, a deposit of security is a trust fund “unless otherwise provided in the lease ” (People v. Horowitz, 309 N. Y. 426, 428). The lease specifically authorized the utilization of the funds by the landlord towards payment of the purchase price of the premises and when the funds were “so applied” the funds were no longer subject to any trust relationship (see Mallory Associates v. Barving Realty Co., 300 N. Y. 297).
*106 Accordingly, it cannot be held that there has been any conversion of trust funds by the defendants and it follows that the representation made by them that the security was not returnable until 1967 was not fraudulent.
The motion is granted. Settle order on notice.