Russell G. Hunt, J.
The claim herein alleges that on the early morning of December 30,1956 while the claimant, 63 years of age, was driving his light delivery truck westerly on Boute 9-P, a State-owned and maintained highway, at or near a place known as Trask Hill, Saratoga County, it ran upon a center mall dividing the highway and struck a tree with resulting serious injuries to the claimant and damage to the truck. This, it is alleged, was due to the- negligence of the State in constructing a dividing island near the brow of a slight rise in an otherwise straight and clear highway and in failing to sign, properly and adequately, and, to light, the allegedly hazardous condition so resulting, thus, leading the unwary and unknowing into the expectation that the highway continued uninterrupted and unobstructed.
The claimant testified, upon the trial, that the accident occurred between 3 and 4 o’clock in the morning while he was homeward bound to Saratoga Springs after attending a party which had been given for him at a restaurant on the outskirts of the city. He arrived at the party about 10:30 p.m. on the evening of December 29 and left between 3:00 a.m. and 3:30 a.m. the next morning and during that time his consumption of alcoholic beverages, he testified, was two bottles of beer. Upon the return trip to the city, he testified that there was a fresh covering of snow on the highway, the weather conditions were “ bad ”, the “ road was covered with snow and there was no visibility ” — “it was slippery ” and “ cloudy and foggy ”, and, he could not see to drive. The snowfall covered the markings on the highway and he could see no signs — “I couldn’t see anything”. Nevertheless, he continued, and, his truck mounted the mall ahead of him, and, struck a tree. The claimant had driven over the highway repeatedly and was familiar with it' for many years.
Upon this account of the accident it is clear that it was the result of the claimant’s own negligence in continuing to proceed under the hazardous weather conditions then prevailing, and, particularly when he could not see to drive. This destroyed the presumption of the safety of the highway which under different circumstances' might have operated in his favor (McFarlane v. City of Niagara Falls, 247 N. Y. 340). The cause of the accident, as contended for by the claimant, cannot be attributed to the State (Quigley v. State of New York, 281 App. Div. 185, affd. 308 N. Y. 846; La Tournerie v. State of New York, 1 A D 2d 734).
The Saratoga Springs police investigated the accident about ope hour later? however, and found the highway clear, dry and *233 without sn-ow; the highway markings were apparent and posted signs clearly pointed the route and warned of the mall; highway lights were lighted and they illuminated the pavement and showed the way.
The credible evidence herein established that the highway was signed and posted, properly and adequately, that the lighting was sufficient and that there was no highway condition for which the State was responsible, and which could have caused the accident.
The claimant has failed to sustain the burden of proving his case by a fair preponderance of the evidence (Kay v. Metropolitan St. Ry. Co., 163 N. Y. 447, 453; Roberge v. Bonner, 185 N. Y. 265, 269), and, the claim must be, and, is, dismissed. This is the decision herein pursuant to section 440 of the Civil Practice Act and upon which judgment is hereby directed to be entered in accordance herewith.