Henry Epstein, J.
Plaintiffs, Ethel Merker (widow of deceased Dr. Louis H. Merker) and five of her six children seek to impress constructive trusts for their benefit (and that of defendant Arthur Merker) on the proceeds of life insurance policies, United States Savings Bonds (and proceeds thereof) and proceeds of a joint checking account. The seventh cause of action, dealing with the last-named bank account was discontinued at the trial. Defendant Aaron Merker is a physician, younger brother and former employee of deceased. Defendant Arthur Merker was so joined because he refused to join as a party plaintiff. Deceased Louis H. Merker and Ethel Merker were married October 19, 1930. Between 1931 and 1942 six children were born to this apparently successful marriage. The last two are twins, now attending college. Dr. Louis H. Merker died November 4, 1957, shortly before his 56th birthday (born Dec. 25, 1901). He had practiced medicine since his licensing about June 25, 1925 and since June 25, 1936 had his younger brother, defendant Aaron Merker in his office as employee and associate (except for wartime service of latter). The total of the life insurance policies herein sought to be impressed with a trust on the proceeds collected amounts to $50,722.44. A younger brother of decedent, Harry Merker, dentist, was the primary beneficiary on four of the five policies involved herein. Said Harry Merker died in 1954 at the age of 33 years. Defendant Aaron Merker was only a secondary beneficiary. These life insurance policies had been the subject of separate insurance trusts up to August 5, 1940 when the last was executed. This last trust was revoked July 28, 1942. The proceeds had been theretofore allocated for the benefit of the children, mother, sisters and brothers of decedent. These trusts date back to 1931 and the proceeds were divided in different shares, from an even basis between widow, children and decedent’s parental family to a 60% to 40% basis. The right to change beneficiaries always rested with decedent, the insured, and he retained the policies (covered by the first, third and fifth causes of action).
On his death decedent possessed a total of $46,600 in United States Savings Bonds and Series Gr Bonds. The savings bonds were accumulated over a period of years between 1948 and 1957 in face amounts of $100 each and totalled $11,600. The Gr Bonds in the total of $35,000 comprised three $10,000 bonds and one $5,000 bond purchased between 1945 and 1949. In each of these *364 the defendant Aaron Merker is designated as the primary payee if decedent were not alive at the maturity date of bond or when payment were asked. Defendant Aaron Merker was in the Medical Corps of the United States Army in Europe in 1945 when an alleged oral agreement with deceased is said to have been consummated and the claimed fraud presumably perpetrated. Plaintiffs have served three bills of particulars, none of which furnishes any specifics on which the relief sought can be based or in respect' of which any substantial credible evidence has been produced. Decedent suffered from hypertension and died November 4, 1957. His will was proabted in Westchester County January 29, 1958 and letters testamentary and trusteeship were issued to the executors and trustees, Robert M. Rubenstein and defendant Aaron Merker. Rubenstein had long been decedent’s friend, attorney and family intimate. Defendant Aaron Merker filed his account in Surrogate’s Court May 4, 1959. Objections were filed October 22, 1959 by plaintiff Ethel Merker. Said objections seek to surcharge defendant Aaron Merker with the bonds and policies in this action as well as with policies (total $32,54.21) payable to Mordecai M. Merker, brother of decedent, and an attorney in the United States Q-overnment employ in Washington, D. 0. An action in the United States Eastern District Court of Virginia against Mordecai Merker and his wife seeks to recover some $42,540.21 plus punitive damages on substantially the same grounds as those on which the instant action is brought and was tried. In that action Mordecai M. Merker is charged with alleged fraud and undue influence on deceased which herein are charged to Dr. Aaron Merker. The Surrogate of Westchester County on February 23, 1960 refused to enter an order, sought by plaintiff Ethel Merker, for the transfer of this action to the said Surrogate’s Court. During the lifetime of decedent the life insurance policies and bonds at issue herein were kept in a safe-deposit box in the American Trust Company in Bronx County, New York, which was in the name of defendant Aaron Merker with decedent as ‘‘ deputy ’ ’, access being available to both.
While there is evidence that decedent and his wife had at times quite vigorous arguments and disagreements; that at one time decedent may have distrusted his wife; the years of cohabitation, the purchase of a new home in Westchester County the year before his death, and the family life do not furnish any basis for a conclusion that decedent had lost his affection for his family. There is no doubt that decedent and his own parental family, with brothers and sisters enjoyed very close and warm *365 relationship and that decedent intended over the years to include them as beneficiaries of his estate. There is also little doubt on the evidence and testimony in this case that there existed a strained and openly hostile relationship between plaintiff widow and decedent’s family. Conversely the testimony reveals a distrust of the widow’s family by decedent and his fear that they might profit by his death. However much this court may feel sympathetic to the position of the plaintiff widow and the children of their marriage, the principles of law governing this case are too well established to be undercut by this case. This may possibly be one situation where established principles, working justly in most cases, may possibly create undesired results.
There is a sharp conflict in the testimony of the witnesses, all of whom have some interest to color their respective stories. The executors were squarely at swords points in their versions of conversations following death of decedent. The defendant Arthur Merker, who had refused to join as plaintiff, apparently resolved his uncertainty before the trial and testified for plaintiffs. His testimony, his obvious diffidence on the stand and his answers when given — these were not conducive to credibility. His testimony adduced little to a case based wholly upon questionable oral evidence in patent conflict. Suffice it to state that the testimony and evidence do not warrant the conclusion that constructive trusts be decreed on the proceeds of the insurance policies and United States Bonds.
The evidence in this case is insufficient to overcome the clear effect of the United States Treasury Regulations governing savings bonds. “ § 315.20. General, (a) No judicial determination will be recognized which would give effect to an attempted voluntary transfer inter vivos of a bond or would defeat or impair the rights of survivorship conferred by these regulations upon a surviving coowner or beneficiary, and all other provisions of this subpart are subject to this restriction.” (Code of Fed. Reg., tit. 31, § 315.20.) Section 24 of the Personal Property Law of New York State provides in effect that a beneficiary’s rights under United States Savings Bonds “ shall not be defeated or impaired by any statute or rule of law governing transfer of property by will or gift”. The cases are plentiful to support this conclusion (defendant’s Exhibit “U” is the Treasury Department Statement with a review of the law supporting the foregoing). This in itself, were the other evidence even stronger than it is revealed, would suffice to defeat the effort to fix constructive trusts on the proceeds *366 of the Government bonds (second, fourth and sixth causes of action). The authorities seem uniform in support of this conclusion (Matter of Deyo, 180 Misc. 32; Hatfield v. Buck, 193 Misc. 1041; Grosso v. Avitabile, 4 Misc 2d 584). To warrant a finding of a constructive trust there must be unequivocal evidence of a convincing character. Such evidence is not here present (Crouse v. Frothingham, 97 N. Y. 105; Beaver v. Beaver, 117 N. Y. 421; Reppert v. Hunter, 106 Misc. 407, affd. 191 App. Div. 936, appeal dismissed 229 N. Y. 608). The family relationship of defendant Aaron Merker and decedent is not sufficient to warrant the conclusion that a fiduciary basis was established (Doheny v. Lacy, 168 N. Y. 213; Cowee v. Cornell, 75 N. Y. 91). Nor does a child as such have a vested right in the parent’s estate (Hirschfield v. Ralston, 66 N. Y. S. 2d 59).
Plaintiffs contend that defendant Aaron Merker violated an oral agreement to apply the proceeds of the insurance policies to trusts for benefit of plaintiffs and Arthur Merker. The sole evidence of any credible character in support of this is presented by the several trusts established on the successive births of decedent’s children, ending with the revocation of the last trust on July 28, 1942. A highly intelligent and practical doctor, with experience in setting up trusts can hardly be charged with ignorance or temporary neglect in his later acts. Nor is there any evidence to support the charge of fraud or undue influence on deceased. The complaint, the bills of particulars and the evidence presented fail to furnish any basis for a definitive trust agreement between deceased and defendant Aaron Merker. “ No specific sum was required or agreed to be held, applied, or be turned over to any one individual plaintiff or to the defendant Arthur Merker ” (bill of particulars, par. “ Sixth ”, p. 5). (See Matter of Welwood, 88 N. Y. S. 2d 882, 884.) Nor can it be said that the designation of beneficiary in the life insurance policies is an 1 ‘ illusory transfer” (Mitchell v. Mitchell, 265 App. Div. 27, affd. 290 N. Y. 779; Personal Property Law, § 31, subd. 9).
Katzman v. Ætna Life Ins. Co. (309 N. Y. 197) presents an exception to the statute wholly distinguishable from the instant case.
The alleged ‘1 admissions against interest ’ ’ of Mordecai M. Merker and of defendant Aaron Merker are wholly inadequate — in fact the evidence thereon is unacceptable (Matter of Ennever, 116 Misc. 32; Matter of O’Donnell, 119 Misc. 580; 7 Wigmore, Evidence [3d ed.], p. 468; Matter of Myer, 184 N. Y. 54).
*367 Nor can alleged statements, of doubtful verity, in essence hearsay, admitted as a possible prelude to further proof not forthcoming, divest title of defendant Aaron Merker (Matter of Berardini, 238 App. Div. 433, affd. 263 N. Y. 627).
Judgment for defendant. Complaint dismissed.