■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AARON LEDERMAN, Appellant.— Judgment of conviction unanimously affirmed. No opinion. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

■ ROBERT HINDIN, Appellant, v. MUTUAL TRUST LIFE INSURANCE COMPANY, Respondent.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

■ VIKING YACHT RENTAL CORPORATION, Respondent, v. AMERICAN YACHTING SYSTEMS, INC., Appellant, et al., Defendant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

■ In the Matter of KATHLEEN DUROSS et al., Appellants, v. STATE RENT ADMINISTRATOR et al., Respondents.— Order entered on April 13, 1960, dismissing an article 78 proceeding to annul the final order of the State Rent Administrator, unanimously affirmed, with $20 costs and disbursements to the respondents. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ ETHEL MERKER, Individually and as Guardian ad Litem for LEONA R. MERKER and Others, Infants, et al., Appellants, v. AARON MERKER, Respondent, et al., Defendant.— Judgment dismissing complaint after trial unanimously affirmed, on the law and on the facts, with costs to defendant-respondent. Plaintiffs, on the preponderance of the evidence, failed to establish any agreement or understanding, express or implied, by defendant Aaron Merker with the deceased to hold or use the savings bonds or life insurance for use of or delivery to plaintiffs and defendant Arthur Merker. Consequently, on this basis there was no warrant for imposing a constructive trust (*Farano* v. *Stephanelli*, 7 A D 2d 420, 423–425; Restatement, Trusts 2d, § 44). Similarly, on the preponderance, as well as the sufficiency, of the evidence plaintiffs failed to establish that any transfers of property were made in a fiduciary or confidential relationship, under circumstances, sufficient to require defendant Aaron Merker to establish the voluntary and bona fide character of the transfers, for failure of which another kind of constructive trust might be imposed (3 Pomeroy, Equity Juris. [5th ed.], § 943 *et seq.*; Restatement, Contracts, § 497 and the cases cited in the N. Y. Annotations). But even if the evidence had sufficed to establish such burden it was met by defendant Aaron Merker on the preponderance of the evidence. In consequence, neither in law nor in justice should the judgment of the trial court be disturbed. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ. [26 Misc 2d 362.]

■ In the Matter of 2639 CORPORATION, Respondent-Appellant, v. TAX COMMISSION OF THE CITY OF NEW YORK, Appellant-Respondent.— Order entered on or about December 2, 1957, reducing assessments for the tax years 1955–56 and 1956–57, unanimously reversed, on the law and on the facts, and assessments for said years in the amounts of $9,000,000 and $8,500,000, respectively, reinstated, with $20 costs and disbursements to respondent-appellant-respondent. The total assessment values are justified by the record. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ In the Matter of the Estate of JOE FELDMAN, Deceased. YETTA ROSENGARTEN, as Administratrix of the Estate of JOE FELDMAN, Deceased, Appellant; SARAH BOKSER, Respondent.— Resettled decree unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.