NICHOLAS GANGI, an Infant, by GIUSEPPI GANGI, His Guardian ad Litem, Respondent, *v.* JACOB FRADUS, Appellant.

GIUSEPPI GANGI, Respondent, *v.* JACOB FRADUS, Appellant.

**Evidence — admissions — probative value and effect of admissions — rules for instructing juries as to such evidence — erroneous instructions to jury — exceptions to charge and restatement of erroneous parts thereof.**

1. In a civil action, statements made out of court or of judicial proceeding or record, or, as they are denominated, extra-judicial admissions, by a party to the action, adverse to his claim, are evidence against him that the facts they state are true. They have two phases for the jury's consideration; the one, were they made; the other, their effect. In neither phase have they any character or quality peculiar to themselves, or distinguishing them from the other facts in evidence.

2. In instructions to the jury concerning such admissions, the

trial justice may profitably and without error, as the evidence justifies, bring to the jury's attention and guidance the rules of law that the probative effect and value of an admission depend upon the conditions and circumstances under which it was made, and upon any other circumstances which may affect or tend to explain such admissions, but it is for the jury itself, in the light of reason and with the exercise of caution, to determine whether the admissions were made, and if made, the value thereof.

3. Where in the trial of an action based upon the alleged negligence of the defendant, statements or admissions by the infant plaintiff contradictory of the cause of action were introduced in evidence by the defendant, it was error for the trial justice to instruct the jury, in substance, that evidence of admissions against the interest of a party was not equal in weight or value to that given by disinterested witnesses and that, as matter of law, such evidence has weak probative value.

4. Appellate courts are not diligent in seeking a way to deprive a party of the benefit of an exception pointing out error, where it appears that the trial justice was fully apprised of the nature of the objection. Where a trial justice, in an additional charge made in response to an exception to his main charge, repeats in substance or effect the erroneous part to which the exception was taken, a renewal of the exception is not required.

*Gangi* v. *Fradus*, 187 App. Div. 934, reversed.

(Argued December 1, 1919; decided January 6, 1920.)

APPEAL in the first above-entitled action, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 24, 1919, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

Appeal in the second above-entitled action from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 24, 1919, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

The nature of the actions and the facts, so far as material, are stated in the opinion.

*Walter L. Glenney* and *Bertrand L. Pettigrew* for appellant. The trial justice erroneously charged the jury as to the value of admissions made by the infant plaintiff

prior to the trial. (1 Greenl. on Ev. § 200; *Tousey* v. *Hastings*, 194 N. Y. 79; *Comm.* v. *Knapp*, 26 Mass. 495; 1 Wigmore on Ev. § 866.)

*Thomas J. O' Neill* and *Leonard F. Fish* for respondents. There was no error in the charge. (1 Greenl. on Ev. § 260; *Gallet* v. *Lord Keith*, 4 Esp. 912; *Garrison* v. *Akin*, 2 Barb. 25; *Hoellerer* v. *Kaplin*, 19 Misc. Rep. 539; *Whitman* v. *Foley*, 7 N. Y. Supp. 310; *Botsford* v. *Burr*, 2 Johns. Ch. 405; *Marks* v. *Pell,* 1 Johns Ch. 594; *Savant* v. *Hesdra*, 5 Redf. Surr. 47; *Cunningham* v. *Burdell*, 4 Brod. Sur. 340; *Boyd* v. *McLean*, 1 Johns. Ch. 582; *Kehr* v. *Stauf*, 12 Daly, 15; *Law* v. *Merrill*, 6 Wend. 268; *Mallin* v. *Mallin*, 1 Wend. 625.) There was no valid exception to the charge. (*Clark* v. *N. Y. C. & H. R. R. R. Co.*, 191 N. Y. 422.)

COLLIN, J. The two actions are based upon the alleged negligence of the defendant Jacob Fradus, by which personal injuries to the infant Nicholas Gangi were caused. The one is in behalf of the infant; the other in behalf of his father for the loss of his services. They were tried together, and a verdict in favor of each plaintiff was rendered. The Appellate Division unanimously affirmed the consequent judgments, that in favor of the father being first modified by a reduction in its amount.

The judgments must be reversed, because of errors in the charge of the trial justice to the jury. Upon the trial statements or admissions by the infant plaintiff .contradictory of the cause of action were introduced in evidence by the defendant. Concerning them the trial justice in his main charge instructed the jury: " In regard to the evidence adduced by the defendant company, called generally evidence of admissions against the interest of a person, that matter is to be considered and you are to ascribe to it such weight as you consider is a proper amount of consideration or weight to be given to it. Of course, such evidence is not equal in weight or

value to that given by disinterested witnesses who are in a position of observation of the truth with respect to the manner of the happening of the accident.   *   *   * It is as a matter of law regarded as probatively weak evidence — that is, admissions of one party said to have been made to another, or to the representative of another, have not a high degree of quality in evidence. It is evidence, however, which has probative value provided it be believed, and if you concluded that the boy stated to this employee of the defendant and in the presence of the other persons employed for the purpose of attending there, that he got up and ran into the truck; if you believe that that coincided with the evidence as to what actually happened, then you would find accordingly and against the infant. If, however, you believe either that the matter taken down did not contain any such statement from the boy, or that if such statement was made by the boy it was under the pressure of the interview, whether inadvertently or not, you have the power of disregarding the evidence of admission against interest, as either not probative enough to satisfy your minds or made in such manner as not to beget an assurance and accuracy which is necessary to find the truth.   *   *   *." In response to defendant's exception, " I except to Your Honor's statement that the admissions of the infant plaintiff were not entitled to be received as having much probative value," the trial justice said: " I did not say precisely that. I said that they were not of a high degree in quality of proof, but I said if they believed them, and found that there was proof of that character that conformed to the other evidence in the case, and that they were convinced that the statements were made and were accurate as made, then the boy could not recover.   *   *   * I said that admissions against interest when proven by witnesses called by the adversary are not of a high degree of quality in probative value.   *   *   * I said they are not of a high degree of quality of probative value con-

sidered by themselves. It is a degree of evidence which
is not as high a degree of evidence as some other kinds of
evidence, but if believed it is just as good as any other
kind of evidence, and jurors may follow it if they think
it is sufficiently probative to their minds."

The charge, as given, was fundamentally erroneous and
prejudicial. While the discernment of the real instruc-
tion or guidance, if any, it imparted is difficult and
uncertain, certain it is that it was ill-conceived and
misleading. There is not a rule of law that admissions
of a party to a civil action are probatively weak evidence,
or have not a high degree of quality in proof, or have
probative value provided they are believed, or are
dependent for an effect upon coincidence " with the
evidence as to what actually happened " or a conformity
to the other evidence in the case. The admissions of the
infant plaintiff were in evidence and, in the action in his
behalf, at least, properly. They to an extent contradicted
or were inconsistent with his claim or cause of action.
In a civil action, statements made out of court or of
judicial proceeding or record, or, as they are denominated,
extra-judicial admissions, by a party to the action,
adverse to his claim, are evidence against him that the
facts they state are true. ( *Koester* v. *Rochester Candy
Works*, 194 N. Y. 92.) They have two phases for the
jury's consideration: the one, were they made; the other,
their effect. In neither phase have they any char-
acteristic or quality peculiar to themselves, or distinguish-
ing them from the other facts in evidence. It is with
them, as with the other facts in evidence, the jury may
find they were not made or do not exist. If found to
exist, the jury in determining their effect, or probative
value or weight, must apply to them the rule of reason.
The effect they have, in reason and sound judgment, upon
the mind of the jury, in view of their language, character,
the time when and person to whom they were made,
the circumstances and conditions attending their making,

and the other facts in evidence, is the effect they should have upon the claim of the party. In case they were made in ignorance of the facts or in an abnormal state of mind, or were based in part upon mere opinion, or were made casually or thoughtlessly or insincerely, or under like or analogous conditions or circumstances, they may, in reason, deserve slight consideration or value or none at all. In case they were made understandingly and deliberately, are of pure fact within the knowledge of the declarant, and were made under conditions and circumstances conducive to veracity, and are not overborne by the other facts in evidence, they may, in reason and sound judgment, establish a cause of action or a defense. Whether they are of the one class or the other, or intermediate, is for the determination of the jury. The effect they shall have upon the issues being tried is for their determination. The trial justice may not instruct as to the rank assignable to them or the influence to be yielded by them. The jury may accept a part as true and put aside a part as not true. In those respects the law has no gauge. The jury shall determine whether or not they were made; if made, the conditions and circumstances under which they were made and the effect thereof, and their probative weight and value, which may range from the lowest, or none at all, to conclusiveness. The trial justice may profitably and without error, as the evidence justifies, bring to the jury's attention and guidance the rules of law that the probative effect and value of an admission depend upon the conditions and circumstances under which they were made, the time which has since elapsed and the cogency or reasonableness of the explanation, if any, of the making and other like grounds or conditions.

The trial justice should also, as the evidence makes useful and proper, instruct the jury concerning the degree of scrutiny and caution in determining whether or not the admissions were in truth made. Judicial opinion

is, at times, not clear, if not misleading, through treating without distinguishment the evidence of the making of the admission with that of the contents of the admission. The making of an admission of strong effect may have in support only faint and dubious evidence, without justifying the declaration that admissions are a weak or dangerous kind of evidence. The weakness or danger is, in such case, in the proof of the making and not in the contents of the admission. Instructions of scrutiny and caution, as the evidence warrants, in accepting the admissions as made, may well be given. To remember and narrate accurately the statements of another is difficult. The narrator may be thoroughly honest in his belief that he has given the exact words of the admission, and be mistaken. Transposition of a word or words in the narration may give a meaning other than the real. A listener is liable to misunderstand or forget what was really said or intended by the declarant, or to incorrectly relate it. A word, or a look, misunderstood, may produce upon his mind a meaning different from that which the declarant intended to convey. The declarant may not have expressed his meaning. Admissions are easily fabricated or imagined. Differing conditions may require or should receive from the jury varying degrees of scrutiny, analysis and caution. It is entirely proper for the trial justice, if the evidence permits, to bring to the attention of the jury the considerations stated, or others of similar character, as reasons for caution and a careful and zealous scrutiny of the evidence of the making. They are such as to impress any man of common sense. We repeat, it is, however, for the jury to determine whether or not the admissions were made, the facts and conditions which affect the probative value, and the value itself.

The exception of the defendant enables us to review the part of the charge we have been considering. It did in fact call the attention of the trial justice to it and the claimed error. The essential function of an exception

is to direct the mind of the trial justice to the point in which it is supposed that he has erred in law so that he may reconsider it and change his ruling if convinced of error. Appellate courts are·not diligent in seeking a way to deprive a party of the benefit of an exception pointing out error, where it appears that the trial justice was fully apprised of the nature of the objection. (*Stephens* v. *Ely*, 162 N. Y. 79.) When the trial justice, in response to an exception, in an additional charge repeats in substance or effect the erroneous part to which the exception was taken, a renewal of the exception is not required.

Inasmuch as the admissions of the infant were received, without objection, as competent and relevant in the suit in behalf of the father, we do not consider their admissibility or effect in that action.

The judgments should be reversed and new trials granted, with costs to abide the event.

HISCOCK, Ch. J., CHASE, HOGAN, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.