Matter of the Judicial Settlement of the Account of
ANNETTA R. ENNEVER, Executrix of ROBERT WILLIAM
ENNEVER, Deceased.

(Surrogate's Court, Westchester County, June, 1921.)

Evidence — claim against decedent's estate — when admissions of
decedent insufficient to support claim.

> Upon the hearing of a disputed claim against an estate the
> testimony of the claimant as to an independent fact which,
> coupled with the testimony of another witness, would become
> part of a personal transaction with the deceased, is incompetent
> and on motion will be stricken out.

> Where there is no written evidence or memorandum in sup-
> port of a claim against an estate for a loan of $4,000, the bare
> admissions of decedent that he owed claimant approximately
> that amount, though testified to by several witnesses of unques-
> tioned veracity, are not sufficient to support the claim.

PROCEEDING upon judicial settlement of accounts of
an executrix.

Spalding & McCabe (Ambrose F. McCabe and
Robert S. Johnstone, of counsel), for claimant.

Charles E. Long, for executrix.

SLATER, S.   The questions to be decided herein arise
out of a claim and the attempt to prove it.   The ques-
tions are two in number, the first relating to the
several motions made by the counsel for the decedent's
estate, to strike out the testimony of the claimant and,
finally, the question upon the merits of the claim.

The claimant, upon the trial, was permitted to say
that certain moneys were withdrawn from the bank
and given to a certain person with certain instruc-
tions.   Then such person was called and testified that

he followed the instructions so given by the claimant, and gave the envelope containing money, without knowing the amount therein, to the decedent. Checks were offered in evidence and excluded because on the face evidenced personal transactions between the claimant and the decedent.

It is the court's judgment that the evidence of the claimant herein should be excluded. The testimony of the claimant was a link in a chain of circumstances to prove a loan. It was an attempt to prove by indirection an independent fact, which, coupled with subsequent testimony, would become part of a personal transaction. Such testimony of the claimant, if admitted, would support and prove the contention of the claimant. She cannot be permitted to accomplish indirectly what the statute prohibits from direct accomplishment. The rule so clearly set forth in *Clift* v. *Moses,* 112 N. Y. 426,. 435, will be followed. *Gregory* v. *Fichtner,* 21 N. Y. Civ. Pro. 1; *Matter of Carrington,* 13 Mills, 254; *Leask* v. *Hoagland,* 205 N. Y. 171; *Griswold* v. *Hart,* 205 id. 384; *Parker* v. *Parsons,* 79 App. Div. 310; *Wilson* v. *Kane,* 180 id. 77; *O'Connor* v. *Ogdensburg Bank,* 51 id. 70.

The motion to strike out the testimony of LeRoy Wood and Anna I. Jensen is denied.

There is no written evidence or memorandum in support of the claim. In civil cases a plaintiff is never required to prove his case by more than a preponderance of evidence. This is held to be true of actions against an executor or administrator, founded on a claim. To make out a preponderance of evidence, the evidence should be clear and convincing. There is no rule of law that the claim that is proved must be in writing, or even that it must be made out in all substantial particulars by disinterested witnesses. The court or jury must gauge the testimony by tests

Surrogate's Court, Westchester County, June, 1921.    [Vol. 116.

and standards which commonly guide the judicial con-
science.   In other words, the rule of reason must be
used.   *McKeon* v. *Van Slyck*, 223 N. Y. 392; *Ward* v.
*New York Life Ins. Co.*, 225 id. 314; *Matter of Sher-
man*, 227 id. 350; *Matter of McGillicuddy*, 194 App.
Div. 28.

In the light of the principles laid down in these
cases, what is deduced from the evidence in the instant
case?   Is there a preponderance of evidence in favor
of the claim that satisfies the judicial conscience?   The
claim is for $4,000 for money loaned.   We have the
evidence of three witnesses who testify that the deced-
ent said he owed that amount, or that approximate
amount, to the claimant.   These admissions would tend
to take the case out of the class of cases which hold
that, unless a loan is proven, the payment of the
money would be regarded as a gift, and as so intended,
at least in the absence of any evidence to show that it
was not so intended.   *Leask* v. *Hoagland, supra; Nay*
v. *Curley*, 113 N. Y. 575; *Andrews* v. *Cosmopolitan
Bank*, 101 Misc. Rep. 672.   The evidence in the case,
other than admissions, is not of great value.   It
becomes the duty of the court to deal with the mat-
ter as one of fact.   Are the admissions sufficient as a
matter of law to support a finding of fact in favor of
the claimant?

In the court's opinion, there is not a preponderance
of evidence.   Having regard for the fact that death
has sealed the lips of the decedent, the evidence offered
is not satisfying, nor is it reasonably clear and con-
vincing.   On practically the bare testimony of admis-
sions made by the decedent, I am not convinced that
a cause of action is established.   The talk had with
Decker was regarding a new business venture in which
Decker asked that the decedent contribute all the capi-
tal.   The admission of the debt may have been made

for some ulterior purpose. Greene, the colored man, was an employee and his testimony ranged over a series of figures between $3,000 and $4,000 as the amount of the debt. Baldwin was and is the chauffeur for the claimant. While corroboration was not essential as to all particulars as a matter of law, I feel that the record lacks the elements of supporting proof that should cause the court to arrive at a conclusion that a cause of action was not well proven. Well proven means proof by some other evidence than the bare admissions, although these admissions may be believed to have been made. We must look to the quality of the proof itself. No doubt the claim is made in good faith, and I only question the weight of the proof as offered to substantiate a verdict for $4,000. I feel that it is not strong enough to predicate a liability against the estate. It is insufficient in fact and, therefore, insufficient in law. It is not my purpose to question the veracity of any witness and I do not do so. I will assume they all told the truth. I do not understand that the case of *Gangi* v. *Fradus,* 227 N. Y. 452, so much depended upon by the claimant, holds that such evidence alone is sufficient to sustain a cause of action. To hold for the claimant, it must be decided that bare admissions will support a claim against a dead man's estate. Where the decedent's lips are sealed in death, I hesitate to give to his admissions against interest that probative effect and value that I might apply were he alive, present in court, and able to testify in denial or explanation. The utmost caution must be used. The case of *Gangi* v. *Fradus, supra,* grew out of an erroneous charge to a jury in a civil action, all the parties being alive and before the court. It holds that evidence of admissions have no quality peculiar to themselves or distinguishing them from the other facts in

evidence.  The scrutiny and caution to be applied to admissions against interest cause me to conclude that such evidence is both dangerous and unsatisfactory, without some other satisfying evidence, at least more than exists in this case.

The claimant contends and strongly contends, that the rule laid down in *Gangi* v. *Fradus, supra,* applied to the evidence in the instant case, is ample to establish a cause of action and be deemed sufficient in law; that the admissions are in themselves sufficient to sustain a cause of action, either against a living person, or against the estate of a dead person.  With this I cannot accede.  The admissions in the instant case against interest are not well, or clearly, or satisfactorily proven.

The court must bear in mind and give consideration to the statement made by Judge Crane in *Matter of Sherman, supra,* when he said: " No doubt in determining whether the preponderance exists, the triers of the facts must not forget that death has sealed the lips of the alleged promisor.  They may reject evidence in such circumstances which might satisfy them if the promisor were living.  They must cast in the balance the evidence offered upon the one side and the opportunities for disproof upon the other.  They may, therefore, be properly instructed that to make out a preponderance the evidence should be clear and convincing."  In *Gangi* v. *Fradus, supra,* the court laid down the rule as to the value of admissions made against interest, and said that the " jury in determining their effect, or probative value or weight, must apply to them the rule of reason.  *  *  *  In case they were made in ignorance of the facts or in an abnormal state of mind, or were even in part upon mere opinion, or were made casually, or thoughtlessly, or insincerely  *  *·  *

Misc.]     Surrogate's Court, Westchester County, June, 1921.

they may, in reason, deserve slight consideration or value or none at all.'' The statement made in that case that admissions against interest are of as great value as evidence of disinterested witnesses, is qualified upon page 458 where the court says: '' The making of an admission of strong effect may have in support only faint and dubious evidence, without justifying the declaration that admissions are a weak or dangerous kind of evidence. The weakness or danger is, in such case, in the proof of the making and not in the contents of the admission. Instructions of scrutiny and caution, as the evidence warrants, in accepting the admissions as made, may well be given. To remember and narrate accurately the statements of another is difficult. The narrator may be thoroughly honest in his belief that he has given the exact words of the admission, and be mistaken. Transposition of a word or words in the narration may give a meaning other than the real. A listener is liable to misunderstand or forget what was really said, or intended by the declarant, or to incorrectly relate it. A word, or a look, misunderstood, may produce upon his mind a meaning different from that which the declarant intended to convey. The declarant may not have expressed his meaning. Admissions are easily fabricated or imagined. Differing conditions may require or should receive from the jury varying degrees of scrutiny, analysis and caution. It is entirely proper for the trial justice, if the evidence permits, to bring to the attention of the jury the considerations stated, or others of similar character, as reasons for caution and a careful and zealous scrutiny of the evidence of the making. They are such as to impress any man of common sense. We repeat, it is, however, for the jury to determine whether or not the admissions were made,

Surrogate's Court, Westchester County, June, 1921.    [Vol. 116.

the facts and conditions which affect the probative value, and the value itself."

Since *Matter of Sherman, supra,* was decided, Justice Page of the first department in *Frisbie* v. *Lucas,* 192 App. Div. 583, July, 1920, has written upon the subject. In that case the executor appealed from a referee's decision, allowing a claim for services rendered and also upon contract. In reversing the decision, the justice said: " I do not understand that the Court of Appeals intended to alter the principles or policy of the earlier decisions, but only to correct errors in their application by lower courts. The court never said that as a matter of law, the witness must be corroborated in all substantial particulars. Nor did it intend to lay down a different rule as to the burden of proof resting on the plaintiff in these and other civil cases," and held that the evidence produced was not of the quality that was necessary. So in the instant case, the evidence of admissions lacks quality. The claimant has not sustained the burden of proof.

When the court applies the rule of reason, gives careful scrutiny and the caution which should attend proof by admissions made by a person who cannot arise in the court room to deny, or explain statements claimed to have been made by him, it must conclude and determine, measuring the evidence by the ordinary and standard rules, that the claimant has failed as a matter of law to produce evidence sufficient to sustain a cause of action. My judicial conscience repels the suggestion that a cause of action is established, and I decline to hold that bare admissions of a decedent will support a claim against a dead man's estate.

Decreed accordingly.