■ In the Matter of Jules L. Glashow, Petitioner, v. James E. Allen, as Commissioner of Education of the State of New York, et al., Respondents.
— Brink, J. Proceeding under article 78 of the CPLR to review an order of

the Commissioner of Education which suspended petitioner's license to practice medicine for a period of two months. Charges were made accusing the petitioner of fraud and deceit in the practice of medicine, in violation of section 6514 (subd. 2, par. [a]) of the Education Law, by filing false and fraudulent bills, claims, forms and reports with respect to treatments, findings and medical services rendered to two patients. The petitioner was charged under a second specification with unprofessional conduct, in violation of section 6514 (subd. 2, par. [g]) of the Education Law, based on the same facts set forth in the prior specification. Following two hearings at which the petitioner was represented by counsel and given the opportunity to testify and present evidence, the hearing committee found the petitioner guilty of fraud, deceit and unprofessional conduct. The findings of the committee were later adopted by the full medical grievance committee with the recommendation of a suspension of six months. Following a hearing before the Regents' committee on discipline, the findings of the medical grievance committee were accepted with the recommendation that the measure of discipline be modified to a suspension of two months on each specification to run concurrently. The findings and proposed modification were accepted by the Board of Regents following which a final order was made by the Commissioner of Education. An examination of the record reveals that the hearing committee was presented with sharp issues of fact involving the credibility of the testimony of the physician. When the evidence before an administrative board is conflicting and presents a clear-cut issue as to the veracity of the opposing witnesses, it is for the board to pass upon the credibility of the witnesses and base its inference on what it accepts as the truth. (*Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y. 150, 153; *Matter of Sternfels* v. *Board of Regents,* 20 A D 2d 840, mot. for lv. to app. den. 15 N Y 2d 488, cert. den. 382 U. S. 901; *Matter of Burns* v. *Board of Regents,* 17 A D 2d 1011.) Where the conflicting evidence upon which reasonable men might differ leaves room for choice, the court may not weigh the evidence or reject the choice made by the administrative board. (*Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256, 267.) There is substantial evidence to support the findings of the board. Determination confirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur with Brink, J.