■ In the Matter of H. ALFRED D'ALOIS, Petitioner, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent. — STALEY, JR., J. Proceeding under article 78 of the CPLR and subdivision 5 of section 6515 of the Education Law to review and annul an order of the Commissioner of Education which suspended petitioner's license to practice medicine for a period of six months. Petitioner was charged with fraud or deceit in the practice of medicine within the purview and meaning of paragraph (a) of subdivision 2 of section 6514 of the Education Law, in that he submitted false and fraudulent claim forms and reports to the United Medical Service with respect to medical services purportedly rendered to four patients for the purpose of collecting payment for services not actually rendered. He was further charged with unprofessional conduct in the practice of medicine within the purview and meaning of paragraph (g) of subdivision 2 of section 6514 of the Education Law for the same acts as specified in the first charge. Hearings were held before a subcommittee of the Committee on Medical Grievances on various dates between October 13, 1966 and November 14, 1967. The medical report forms signed by the petitioner for the four patients involved were introduced in evidence in which petitioner represented that he had performed office surgery on various dates. The four patients testified that with one exception the claimed surgery had not been performed, although they had been treated by petitioner for other ailments. Petitioner testified that he had signed and submitted the claim forms, and conceded that the patients' testimony was correct and that he had not performed the surgery claimed. His explanation was that it was the result of clerical mistake and negligence. The subcommittee found that petitioner's explanation was unworthy of belief and rejected it, and recommended suspension of his license for one year. The Committee on Grievances and the Regents Committee on Discipline confirmed the findings of the subcommittee. " The board was not bound to accept petitioner's excuses or explanation of his acts. The acts themselves permit an inference of guilty knowledge and intent as a factual determination, and substantial evidence supports the findings. (*Matter of Wasserman* v. *Board of Regents,* 13 A D 2d 591, affd. 11 N Y 2d 173, appeal dismissed 371 U. S. 23 [Oct. 15, 1962].) " (*Matter of Burns* v. *Board of Regents,* 17 A D 2d 1011, mot. for lv. to app. withdrawn 13 N Y 2d 594.) (See, also, *Matter of Glashow* v. *Allen,* 27 A D 2d 625, 626, mot. for lv. to app. den. 19 N Y 2d 581, " When the evidence before an administrative board is conflicting, and presents a clear-cut issue as to the veracity of the opposing

witnesses, it is for the board to pass upon the credibility of the witnesses, and base its inference on what it accepts as the truth.") The record here contains substantial evidence to support the findings of the subcommittee. The further contention of the petitioner that the Regents Committee on Discipline erred in failing to hear the testimony of his secretary or remand to the hearing committee for this purpose is without merit. The hearing committee had granted petitioner an adjournment of a month and a half to produce such witnesses and on the adjourned date, the petitioner failed to produce any witnesses and rested his case. The petitioner had sufficient opportunity to present whatever evidence he desired and the denial of his application was warranted. (Education Law, § 211, subd. 1; *Matter of Bernanke* v. *Board of Regents*, 24 A D 2d 910.) The refusal of the Westchester Medical Society to permit petitioner to appear before it represented by counsel in no way prejudiced petitioner's rights since the disciplinary proceeding relative to the charges against him were instituted under the Education Law and by the Department of Education. Such proceeding was completely independent of the inquiry made by the local medical society. Even if there was a violation of petitioner's rights in the investigation by the local medical society, such violation would not affect the validity of the disciplinary proceeding under review. Appellant's contention that the punishment was excessive has no substance whatsoever; and particularly so in view of the modification of the punishment made by the Regents Committee on Discipline reducing the term of suspension of petitioner's license from one year to six months which resulted in a fair and just punishment for the specifications charged. The question of punishment and its mitigation is primarily one for the Board of Regents, and we find no reason to disturb the penalty imposed. (*Matter of Eisenstein* v. *Board of Regents*, 26 A D 2d 971.) Determination confirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum by Staley, Jr., J.