276 A.2d 462.

MICHAEL TRINGA *vs.* WILLIAM L. MURPHY.

APRIL 21, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action to recover damages for personal injuries resulting from a motor vehicle accident on a public highway in Massachusetts. The case was tried to a Superior Court justice and a jury which returned a verdict for plaintiff in the sum of $25,000. It is before us on defendant's appeal from the judgment accordingly entered. In connection with his appeal defendant assigns as error the denial of his motion for a directed verdict, the trial justice's refusal to charge as requested, and to the charge as given on concurring negligence.

The evidence establishes that plaintiff and defendant are both residents of the City of Pawtucket in this state. Late in the evening of August 22, 1964, defendant invited plaintiff to ride with him to Plainville, Massachusetts and return. The purpose of the trip, which originated at defendant's place of business in Pawtucket, was to furnish transportation for a third person who lived in Plainville.

On the return trip from Plainville to Pawtucket, a collision occurred between defendant's car and a car operated by one Mobriant. The collision occurred at the intersection of Route 1 and Elm Street in North Attleboro, Massachusetts, early in the morning of August 23. It is not dis-

puted that as a result plaintiff sustained serious personal injuries requiring hospitalization.

The evidence further establishes that while hospitalized in Massachusetts plaintiff commenced a civil action against Mobriant, operator of the other car. In connection with that action, plaintiff made answers under oath to certain propounded interrogatories. Such answers as are pertinent here were that prior to the collision, plaintiff saw Mobriant make a left-hand turn in front of the Murphy car; that the traffic light at the intersection was green in Murphy's favor; and at the time of and just prior to the collision, the speed of Murphy's car was 35 miles per hour.[1]

However, in the trial on review here, plaintiff testified that the instant defendant's speed just prior to and at the time of the collision was 45 miles per hour; that the instant defendant was inattentive, in that he had his eyes off the road and was looking at plaintiff, and that plaintiff did not see the Mobriant car prior to the accident.

At the close of plaintiff's case, defendant moved for a directed verdict on the grounds that plaintiff being a passenger in an accident which happened in Massachusetts, he had the burden of proving gross negligence and there was no evidence or reasonable inferences to be drawn therefrom on which a jury might find that defendant had been grossly negligent.

The trial justice denied the motion, giving as his reason that under *Woodward* v. *Stewart*, 104 R. I. 290, 243 A.2d 917 and *Brown* v. *Church of the Holy Name of Jesus*, 105 R. I. 322, 252 A.2d 176, Rhode Island rule of ordinary care was applicable to the facts of the case at bar.

The defendant duly objected, but, as authorized under Super. R. Civ. P. 50(a), proceeded to put in his case in

---

[1]Prior to trial in the instant case, plaintiff settled the Massachusetts action for $5,000, a circumstance which must be noted because of its involvement in the instant appeal.

chief. He did not renew his motion for a directed verdict at the completion of all the evidence. In such circumstances he is deemed to have waived his objection to the denial of his motion and such denial may not be urged as error on appeal. *Dawson* v. *Rhode Island Auditorium, Inc.,* 104 R. I. 116, 242 A.2d 407 and see 1 Kent, *R. I. Civ. Prac.* §50.1, footnote 1. Consequently his contention that the denial of his motion for a directed verdict was erroneous is without merit.

The defendant's second contention in support of his appeal is that the trial justice erred in refusing to instruct the jury as follows:

> "If you should find that Michael Tringa, the plaintiff, previously signed a statement under oath with respect to certain facts to be used as official records in another court, and that such statement is contrary or different from the testimony he gave in his deposition and in his testimony he gave before this court, then you may consider this prior written inconsistent statement as evidence of an admission against his interest in the present case."

In lieu of giving the instruction requested, the trial justice charged the jury as follows:

> "A witness may be impeached, that is, his credibility may be questioned by showing that on some prior occasion he made statements which are contradictory of the testimony he gives at trial. If you believe from all the evidence that a witness did at some prior time make statements contradicting his testimony at trial you may take this belief into consideration when determining the credibility of such witness or the weight that you will give his testimony."

It is the essence of defendant's position that an admission against interest as distinguished from mere prior inconsistent statements may be considered by a jury as being offered not purely for the purpose of discrediting the party charged with such admission, but rather as probative evi-

dence of facts in issue, sufficient in some cases to establish a cause of action or a defense. In support thereof he calls our attention to four New York decisions of which *Gangi* v. *Fradus,* 227 N. Y. 452, 125 N. E. 677, appears to be the leading case.

Seeking to have the New York rule applicable to the case at bar, defendant argues that the instant plaintiff's sworn answers to the interrogatories propounded in the Massachusetts action clearly qualify as admissions against interest when considered in the light of plaintiff's testimony at trial in the instant case. Assuming that they so qualify, we are not persuaded that the New York rule is a better guide for juries in their search for truth than is the settled rule in this jurisdiction which was followed by the trial justice in the case at bar. *State* v. *Quattrocchi,* 103 R. I. 115, 235 A.2d 99, *Yellow Cab Co.* v. *Public Utility Hearing Board,* 99 R. I. 644, 210 A.2d 128. Indeed, when the New York rule as enunciated in *Gangi* v. *Fradus, supra,*[2] is tested against the evidence in the instant record, bearing on all the circumstances surrounding the instant plaintiff's answers to the Massachusetts interrogatories, it is at least questionable that defendant here would have received as favorable an instruction as that given in the

[2]Expounding on the probity of prior statements qualifying as admissions against interest, the New York Court of Appeal in *Gangi* v. *Fradus,* at 456-57, 125 N.E. at 679 states: "If found to exist, the jury in determining their effect, or probative value or weight, must apply to them the rule of reason. The effect they have, in reason and sound judgment, upon the mind of the jury, in view of their language, character, the time when and person to whom they were made, the circumstances and conditions attending their making, and the other facts in evidence, is the effect they should have upon the claim of the party. In case they were made in ignorance of the facts or in an abnormal state of mind, or were based in part upon mere opinion, or were made casually or thoughtlessly or insincerely, or under like or analogous conditions or circumstances, they may, in reason, deserve slight consideration or value or none at all."

case at bar. The defendant's second contention, therefore, is likewise lacking in merit.

This brings us to a consideration of defendant's remaining assignment of error. It is premised on his objection to the following instruction of the trial justice:

> "In this case you will return one verdict. You will decide either for the plaintiff or for the defendant. If you decide for the plaintiff you will determine what, if any, damages the plaintiff is entitled to recover. Now you've heard evidence in this case that this plaintiff brought a suit against the driver of the other car involved in this accident and Mr. Mobriant in Massachusetts and that suit was settled in his favor for $5,-000. If you find for the plaintiff against this defendant, that is, find this defendant was negligent, plaintiff was not contributorily negligent, that defendant's negligence was proximate cause of his injuries then I charge you on all the evidence any negligence on the part of the defendant in this case concurred with that of Mr. Mobriant and the injuries and damages sustained cannot on all the evidence be charged in part separately to either this defendant or to Mobriant. So in this case you shall, if you find for the plaintiff, return one verdict in one amount to compensate the plaintiff fully for all the injuries and damages he has proved. From that amount if it exceeds the sum of $5,000 I will reduce the verdict you render by deducting the amount so paid by Mobriant and namely $5,000."

The foregoing constitutes reversible error, defendant argues, for the reason that it tended to mislead and confuse the jury. This is so, he insists, because, reasonably construed, the instruction given had the effect of causing the jury to lose sight of the real issue, namely, defendant's negligence or lack thereof.

We do not so read it, but, quite apart from that, there is a compelling reason for rejecting defendant's contention that the trial justice should be faulted. The record estab-

lishes that at a pre-trial conference, the trial justice, recognizing that if plaintiff's settlement in the Massachusetts case were to come into the instant case the jury might well question plaintiff's right in the instant case, suggested alternatives to defendant's counsel. These were that in the course of the instant trial no mention would be made of plaintiff's recovery of $5,000 in his action against Mobriant, in which case the trial justice would simply deduct that amount from any verdict that the jury might return for plaintiff, or that if counsel for defendant desired to introduce the Massachusetts settlement, as he had the right to do, the trial justice would give the instruction about which defendant now complains.

When defendant's second assignment of error, the refusal to charge on admissions against interest, is considered, it becomes obvious that introducing the circumstances of the Massachusetts settlement was a matter of trial strategy. Having elected to bring this matter to the attention of the jury, defendant cannot now complain that it was error for the trial justice to instruct the jury on plaintiff's standing in the present case, vis-à-vis the Massachusetts settlement. We could do so only if the instruction as given can reasonably be found to be misleading. As heretofore stated, we think that it cannot be so found, and consequently, not grounds for reversal.

The appeal is denied and dismissed, and the judgment appealed from is affirmed.

Motion to reargue denied.

*John F. McBurney, William J. Burke,* for plaintiff.

*Dominic A. St. Angelo,* for defendant.