■ JOHN HORN, Respondent, v. STATE OF NEW YORK et al., Appellants. (Claim No. 50378.) — Appeal from a judgment in favor of claimant, entered November 30, 1970, upon a decision of the Court of Claims. In January, 1968 the New York State Department of Transportation solicited bids for the sale and removal of buildings located on land in Suffolk County acquired by the State for highway purposes. When no bids were received on the house in question, a one and one-half story frame residence, it was put on a list of houses to be demolished. In May, 1968 claimant submitted a bid for $125 for title to the house which was accepted. A contract for sale which provided for removal of the house within 30 days was entered into between claimant and the State and on or about June 27, 1968 title passed to claimant. On June 13, 1968 claimant obtained a highway work permit to remove the house from the State land to a parcel of land that he had contracted to buy. When, subsequent to several oral extensions, claimant failed to remove the house, the Department of Transportation informed him by letter received August 28, 1968 that he had 10 days to remove it or the agreement would be canceled and his money forfeited. On September 3, 1968, before the expiration of the 10-day period, the building was demolished by the State. At the trial it was stated that the State employee who processed claimant's bid and who was killed in an automobile accident before the trial had never told his secretary to take the house off the demolition list after the contract for its purchase was approved. Claimant, after rejecting the houses offered as substitutes, filed the instant claim alleging as damages the valuation of the demolished building, the expenses for purchasing a homesite, excavation, moving permit, highway work permit, blueprints and expenses incurred in the installation of the foundation. He testified that, in reliance on his contract with the State, he purchased a lot for $8,250, procured all necessary permits, surveyed, removed trees, stripped top soil, staked the building location, excavated, poured fitting forms and purchased construction materials. All of this he contends has been wasted since he is without funds to build another house upon the premises. The State swore no expert witnesses, contending that since the State was under no compulsion to sell and the claimant was under no compulsion to buy, the $125 bid by claimant for

the house should be deemed the market value for the house prior to its destruction and the award to the claimant limited to that amount. Claimant's expert, a licensed real estate broker who had no training or prior experience in making appraisals, estimated the value of the house at $25,000. He determined the square footage of the house and multiplied it by the cost of building a house of comparable dimensions. The Court of Claims rejected the State's contention that the sale price of $125 was the gauge by which the value of the house was to be ascertained, found claimant's expert qualified and determined that the destroyed house had a market value of $18,000. The court was correct in rejecting the State's contention that the award should be limited to the purchase price of $125. "An actual sale of the subject property at arm's length is of course the very best of evidence, because directly reflective of market value, if recent in time, and not explained away as abnormal in any fashion" (*Matter of Lane Bryant, Inc.* v. *Tax Comm. of City of N. Y.*, 21 A D 2d 669, 670, affd. 19 N Y 2d 715; *Matter of Seneca Grape Juice Corp.* v. *Board of Assessors of Town of Lloyd*, 33 A D 2d 951, mot. for lv. to app. den. 27 N Y 2d 481; *Vasile* v. *State of New York*, 30 A D 2d 1042, affd. 24 N Y 2d 969). However, the sale here was not such a sale; it was not a sale "consummated between willing buyers and sellers under ordinary market conditions" (*Matter of 860 Fifth Ave. Corp.* v. *Tax Comm. of City of N. Y.*, 8 N Y 2d 29, 31) and, therefore, did not establish a true "fair market value" (see *Matter of Board of Water Supply of City of N. Y.*, 227 N. Y. 452, 458–459). However, the award cannot stand since the testimony of claimant's expert witness did not provide a proper foundation. His entire evaluation was based upon what it would cost to reproduce the house and, although the house was between 35 and 40 years old, he made no allowance for depreciation. Nor did he consider the condition of the house. He contended that age and condition were not proper criteria in establishing value. No effort was therefore made by the expert to consider such matters as layout of the rooms, plumbing, wiring and heating. Furthermore, whether the expert erroneously considered the value of the foundation in arriving at the value of the building was never stated. We, therefore, find no basis in the record for the trial court's award of $18,000. An award in a case such as this (it should be noted that this is not an appropriation case) should be predicated upon all the damages flowing from the wrong. To the value of the building should be added the expenses incurred by claimant as a result of the State's wrong (e.g., grading and preparing the site and digging the foundation) and, from this, should be subtracted the expenses claimant would have incurred in moving the building to its new site, attaching it to its new foundation and restoring it to its prior condition. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Simons, JJ., concur.