In the Matter of ELLIS MILES, Petitioner, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, December 15, 1977

134

**APPEARANCES OF COUNSEL**

*Condello & Ryan (James J. Ryan* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (John J. O'Grady* of counsel), for respondents.

**OPINION OF THE COURT**

MAHONEY, J.

Petitioner was licensed in 1958 by New York, practiced here until 1962, and then moved to California, where, after receiving a license from that State, he continued to practice. In September of 1974 California authorities investigated the optometry office where petitioner worked as to incidents of fraudulent optometric evaluations and prescriptions alleged to have occurred in the office. Petitioner retained legal counsel in California to protect his interests.

In October of 1974 petitioner returned to New York and resumed practice here under his previously issued New York license. He was then notified by his California attorney that the California Board of Optometry had instituted disciplinary proceedings for professional misconduct concerning the alleged incidents investigated in September, 1974. Upon the advice of his attorney, petitioner entered into a stipulation whereby he admitted to four distinct acts of defrauding patients in California.* The California board, pursuant to the stipulation, suspended petitioner's California license for two years and imposed an additional probationary period.

The instant proceeding was based on the California acts

---

* The stipulation, setting out in great detail the four fraudulent acts charged, was mailed to petitioner. He signed it in New York before a notary public in July, 1975.

admitted in the stipulation. The sole evidence of misconduct was that same stipulation, which was allowed in evidence by the hearing panel of the Board of Regents over petitioner's objection.

■ ■ Petitioner contends first that the stipulation was coerced and, therefore, should not have been considered by the panel. The full array of procedural rules protecting a criminal defendant's Fifth and Fourteenth Amendment rights does not apply to civil proceedings *(Terpstra v Niagara Fire Ins. Co.,* 26 NY2d 70). An action to discipline a professional for misconduct is a civil proceeding and not a "criminal case" within the meaning of the Fifth Amendment *(Matter of Anonymous Attorneys,* 41 NY2d 506).

In the *Terpstra* case *(supra),* the plaintiff sued to recover on his fire insurance policies. The trial court allowed plaintiff's confession of arson in evidence, even though it had previously been suppressed in a criminal action against plaintiff. The confession was elicited during a police interrogation conducted after petitioner's request for counsel had been denied. The Court of Appeals upheld admission of the confession, saying that only the voluntariness of the confession was pertinent in the civil proceeding and voluntariness was a question for the jury to decide. "If the prior statements were made involuntarily and did not convey the truth, then declarant may attempt so to persuade the jury, just as he might when any other admission is thrown up to him at a time when he is relating to the fact finder a completely different story." *(Terpstra v Niagara Fire Ins. Co., supra,* p 74.)

■ If an arguably involuntary admission must be allowed in evidence in a civil trial so the jury may weigh it, a fortiori the respondent's hearing panel, as arbiter of the procedural rules and the finder of fact, had to consider petitioner's stipulation in order to pass upon its voluntariness.

■ ■ The question thus arises whether the stipulation constituted sufficient evidence to support the board's finding of guilt. The board's finding must be "based on substantial legal evidence" (Education Law, § 6510, subd 2, par b), "substantial evidence" meaning evidence from which "an inference of the existence of the fact found may be drawn reasonably" *(Matter of Stork Rest. v Boland,* 282 NY 256, 273).

■ There is nothing intrinsic in an admission which renders it a less reliable basis for an inference than other types of evidence. "In a civil action, statements made out of court

* * * by a party to the action, adverse to his claim, are evidence against him that the facts they state are true [citation omitted]. * * * The jury shall determine whether or not they were made; if made, the conditions and circumstances under which they were made and the effect thereof, and their probative weight and value, which may range from the lowest, or none at all, to conclusiveness. *(Gangi v Fradus,* 227 NY 452, 456-457.) Petitioner acknowledged that he signed the stipulation, so there only remained for the board to determine the conditions of the admission and, in so doing, assessing its reliability.

Petitioner testified that he left California not because of misconduct charges pending against him there but because his wife had been terrified by an earthquake in 1971. According to petitioner, he signed the July, 1975 stipulation only because the California authorities threatened to hold separate hearings on each of the four charges, thereby forcing him to leave his new job in New York four times to defend himself in California.

There is a reasonable basis for the board's refusal to credit this explanation. If fear induced by the 1971 earthquake were the reason for leaving California, the move would likely have been made before three years had passed. Petitioner did not return to New York until October, 1974, one month after the California investigators questioned him. It was reasonable for the board to infer that petitioner left California to avoid disciplinary proceedings and that he admitted misconduct because he knew the charges were true. This inference is reinforced by the fact that petitioner signed the stipulation upon the advice of legal counsel. It is unlikely a lawyer would give such advice if there were a meritorious defense to the charges. Therefore, petitioner's admission and its circumstances were sufficient evidence to support the finding of misconduct *(Matter of Dilluvio v Board of Regents of Univ. of N. Y.,* 60 AD2d 699; cf. *Matter of Rokjer v Prezio,* 34 AD2d 588).

CPL 60.50, which provides that a "person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed", does not require a different result. Although professional misconduct, since punishable by a fine (Education Law, § 6511, subd [6]), falls within the definition of "offense" (see CPL 1.20; Penal Law, § 10.00,

subd 1), paragraph b of subdivision 2 of section 6510 provides that the hearing panel "shall not be bound by the rules of evidence". CPL 60.50 having the characteristics of and being denominated in the statute (CPL art 60) as a "rule of evidence", has no application to this misconduct proceeding (cf. *Matter of Jay v Board of Regents of Univ. of State of N. Y.*, 50 AD2d 967 [dictum]).

■ The board did not exceed its authority in proceeding on acts committed outside New York. The statute does not speak on this point (see Education Law, § 6509), but to the extent regulation of the profession is undertaken in order to preserve high ethics within the professions, it would make no sense to require the regulatory agency to ignore misconduct committed outside this State. Petitioner does not dispute that the fraudulent acts he has admitted would constitute misconduct if performed in this State.

■ The penalty imposed, suspending petitioner's license for two years to be followed by a three-year probation, is not so severe as to warrant our intervention (see *Matter of Pell v Board of Educ.*, 34 NY2d 222).

The determination should be confirmed and the petition dismissed, without costs.

SWEENEY, J. P., KANE, LARKIN and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.