■ In the Matter of VITO W. A. DILLUVIO, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. —Proceeding initiated in this court pursuant to subdivision 4 of section 6510-a of the Education Law, to annul a determination of the Commissioner of Education suspending petitioner's license to practice medicine. Petitioner, a physician, was charged with fraud and professional misconduct in the practice of medicine. The charges specified that he had submitted reports and bills for payment to the Workmen's Compensation Board for services allegedly rendered to 14 patients between April 15, 1970 and March 11, 1971, which bills were false and fraudulent in that they claimed payment for visits never made and services not rendered. After hearings at which documentary evidence was received and witnesses, including the petitioner and several patients, testified, the hearing panel found petitioner guilty of submitting inflated bills with respect to eight of the patients charged and recommended that petitioner's license be revoked on each of the charges. On May 19, 1977 the Regents Review Committee recommended that the hearing panel's findings of guilt be sustained, but that the measure of discipline be modified to the extent that petitioner's license be suspended for a period of three and one-half years on each charge, to run concurrently, that execution of the last three years of the suspensions be stayed and that petitioner be placed on probation for a period of five years under stated conditions. The Board of Regents adopted the recommendation of its committee and an order thereon was executed by the Commissioner of Education. Despite petitioner's denials of wrongdoing, a comparison of the daily appointment sheets and the bills sent to the Workmen's Compensation Board reveals obvious discrepancies. Petitioner nevertheless maintains that this record does not demonstrate the requisite culpable mental intent to sustain findings of guilt under section 6509 of the Education Law. His excuse for the "mistakes" in the bills and reports is that because of pressures in his personal life, including serious illness on the part of both his wife and son, he allowed, contrary to his usual office procedures, his staff to issue statements and reports without his close personal supervision. The hearing panel was thus presented with issues of fact regarding petitioner's credibility. "When the evidence before an administrative board is conflicting and presents a clear-cut issue as to the veracity of the opposing witnesses, it is for the board to pass upon the credibility of the witnesses and base its inference on what it accepts as the truth" *(Matter of Glashow v Allen,* 27 AD2d 625, 626, mot for lv to app den 19 NY2d 581). In a case involving similar charges, this court rejected petitioner's excuse of clerical mistake and negligence, and held that an inference of guilty knowledge could be inferred from the acts of submitting false reports *(Matter of D'Alois v Allen,* 31 AD2d 983, app dsmd 25 NY2d 908). On our review of this record, we cannot say that the administrative determination of guilt was not supported by substantial evidence or without a rational basis *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Petitioner further alleges that the admission into evidence of a transcript of testimony presented at a workmen's compensation hearing, upon which four of the eight guilty charges were based, was erroneous in that the testimony herein constituted hearsay. In hearings under section 6510 (subd 2, par [b]) of the Education Law, "The panel shall not be bound by the rules of evidence, but its determination of guilt shall be

based on substantial legal evidence". Accordingly, any objection to the admission of this transcript is without merit (see *Matter of Miles v Nyquist,* 60 AD2d 133). We note in addition that much of petitioner's testimony at the hearing consisted of acknowledgements of the discrepanices between the bills submitted and the sworn statements of the patients and, therefore, constituted admissions against interest admissible as exceptions to the hearsay rule. We find substantial evidence to support the determination herein apart from any consideration of the hearsay testimony contained in the said transcript or in certain affidavits of patients about which petitioner also complains. We cannot say that the penalty imposed is under all of the attendant circumstances so disproportionate to the offense as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ., supra; Matter of Gliwa v Board of Regents,* 58 AD2d 721). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.