■ In the Matter of FRED F. HELLER, Petitioner, v GORDON M. AMBACH, as New York State Commissioner of Education, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to subdivision 4 of section 6510 of the Education Law) to review an order of the Commissioner of Education revoking petitioner's license to practice pharmacy. The petitioner admittedly violated the laws of the State of New Jersey in regard to the conduct of a pharmacy owned and operated by him in that State. As a result of such violation, he was convicted upon his plea of guilty of three criminal acts in New Jersey. Subsequently, the petitioner was charged in New York with unprofessional conduct based upon the transactions to which he had pleaded guilty, the conviction of crimes in New Jersey and upon the result of administrative proceedings undertaken in New Jersey in regard to his license to practice pharmacy in that State. All of petitioner's alleged misconduct involved the handling and sale of codeine cough substances. It is well established that the holders of New York State licenses to practice a particular profession are subject to having their conduct in any other State form the basis of an administrative proceeding in this State for the purpose of suspending or revoking their license to practice *(Matter of Miles v Nyquist, 60 AD2d 133, mot for lv to app dsmd 44 NY2d 789)*. The petitioner contends that the crimes to which he pleaded guilty in New Jersey would not be crimes in New York and so may not be relied upon to establish unprofessional conduct (citing Education Law, § 6509, subd [5], par [c]). However, he raised no such issue at the administrative level and did not even deem it appropriate to answer the charges either orally or in writing. Accordingly, we deem the allegation now raised as waived. In any event, the unprofessional conduct of the petitioner is well established by the evidence in this proceeding and any error as to a particular count of the charges is not sufficient to warrant a remittal to the respondents. The petitioner contends that the revocation of his license was not warranted by the circumstances of his case and that this court should modify the punishment imposed. A review of his indiscriminate sale of controlled drugs compels the conclusion that revocation of his license to practice is not excessive punishment and is justified for the protection of the public (see *Matter of Pell v Board of Educ., 34 NY2d 222*). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.