■ In the Matter of the Estate of WILLIAM J. McDONALD, Deceased. THOMAS McDONALD, as Administrator of the Estate of WILLIAM J. McDONALD, Deceased, Appellant-Respondent; PAUL T. GORMAN, Respondent-Appellant.—Cross appeals from an order and decree of the Surrogate's Court of Broome County, entered October 5, 1979 and November 30, 1979, which granted respondent's claim against the estate. Decedent William McDonald was a New York attorney who shared office space from 1967 to 1977 in respondent Paul T. Gorman's law offices in Binghamton, New York. No particular billing system was maintained for the sharing of the office overhead and the attorneys apparently paid respondent for their share of the expenses on an irregular basis. Until 1974, decedent made sporadic payments in varying amounts to respondent's secretary. In August of 1974, respondent entered into an oral agreement with decedent and another attorney whereby they each agreed to pay 30% of the office expense while respondent would pay the remaining 40%. After this agreement, decedent received a regular monthly bill and he made regular payments. Prior to that time decedent had never received a monthly bill showing present or past debts. In February, 1977, respondent commenced an action in Supreme Court against decedent to recover alleged past due office overhead expenses in the stated amount of $14,655 for the years 1967-1973. Decedent died intestate before this suit was resolved and respondent then instituted a claim against his estate for the same sum. Petitioner, as administrator of the estate, brought a proceeding in Surrogate's Court to determine the validity of respondent's claim and it was agreed the action in Supreme Court would not be pursued further. The Surrogate allowed respondent's claim in the amount of $8,075.88 stating that while no specific rental arrangement existed prior to 1974, respondent's informal bookkeeping did not preclude recovery for the past debt. The sum awarded represented the debt due for office rental and expenses calculated at $125 per month, the same monthly rent charged another attorney who shared office space prior to 1974. The Surrogate found insufficient evidence to support respondent's claim that decedent agreed in 1974 to pay 30% of the office expense for the years prior to 1974. On appeal, petitioner first contends that the evidence here is of the weakest kind and insufficient because it is comprised of the hearsay admissions of decedent. Petitioner's argument is without merit. In *Gangi v Fradus* (227 NY 452, 456), the Court of Appeals stated that admissions have no "characteristic or quality peculiar to themselves, or distinguishing them from the other facts in evidence". It is the trier of facts' function to decide whether or not the admissions were made, what circumstances attended their making, and what effect they have on the issue in dispute *(Matter of Miles v Nyquist,* 60 AD2d 133, 136-137). In the instant case, the evidence consisted of statements made by decedent to three disinterested witnesses acknowledging a financial debt owed respondent and declaring an intention to leave $10,000 to respondent in his will to repay

the debt. Copies of checks issued by decedent in payment of office expenses and rent totaling $2,424.12 were introduced into evidence. One of these checks dated February 11, 1972 indicated that it was issued for rent and office expenses. There was also testimony from Valerie Gorman (unrelated to respondent), respondent's secretary, that another attorney who shared space in 1968 paid $125 per month for rent, secretarial service and use of the telephone. It is also significant that respondent had commenced a lawsuit against decedent for this very claim prior to his death and in which decedent had appeared. This was not a claim that first appeared after decedent's death. Thus, there is ample probative evidence to sustain the findings and award made by the Surrogate. Petitioner's contention that a portion of the claim should be barred by the Statute of Limitations is meritless. Partial payment of a debt under circumstances as are here present, which clearly indicate that the debtor acknowledges more is due, will permit an inference that the debtor has impliedly promised to pay the entire debt (*Crow v Gleason,* 141 NY 489). The evidence supports the Surrogate's finding that decedent's debt was revived by the making of partial payments and the claim is not time barred. Respondent's cross appeal from the Surrogate's award of interest only from October 5, 1979 is well taken. Respondent argues he is entitled to interest under CPLR 5001 from January 1, 1974 as the earliest ascertainable date on which the within cause of action existed. CPLR 5001 permits recovery of interest on the cause of action from the time of its accrual until decision as a matter of right in breach of contract actions (Siegel, New York Practice, § 411). The interest awarded under CPLR 5001 is to be "computed from the earliest ascertainable date the cause of action existed" (CPLR 5001, subd [b]). Given the peculiar factual situation here, where payments were made sporadically prior to the new billing arrangement in 1974, and no rent was claimed for the year 1974, January 1, 1974 appears to be the "earliest ascertainable date" on which respondent's cause of action accrued and he is entitled to interest as of that date. Order and decree modified, on the law and the facts, so as to provide that respondent is entitled to the sum of $8,075.88, together with interest from January 1, 1974, and, as so modified, affirmed, with costs to respondent payable out of the estate. Mahoney, P. J., Sweeney, Mikoll and Casey, JJ., concur.