■ CHERYL JOHNSON, Respondent, v JAMES C. SLOAN, Appellant. [671 NYS2d 403] —Order affirmed without costs. All concur except Pine, J. P., and Boehm, J., who dissent and vote to reverse in the following Memorandum:

(Pine, J. P., and Boehm, J., dissenting). We respectfully dissent. Plaintiff was at defendant's house when defendant's dog lunged at her face and bit her nose and lip. Defendant, who was living apart from his wife, had brought the dog from the former marital residence to live at his house a few days before the incident occurred. The bite resulted in a depressed scar on plaintiff's nose.

Plaintiff commenced this action, alleging that defendant knew that the dog had vicious propensities and failed to take adequate precautions to prevent the dog from biting her. After issue was joined, Supreme Court transferred the action to City Court. At the close of proof, City Court granted plaintiff's motion for a directed verdict on liability. The jury awarded plaintiff damages in the amount of $100,060. City Court denied defendant's motion to set aside the verdict, and, on defendant's appeal, County Court affirmed the judgment. We would reverse the order and judgment and grant a new trial.

"To prevail on a cause of action for injuries sustained in an attack by a domestic animal, plaintiff must present proof of the animal's vicious propensities and that the owner knew or should have known thereof" (*Smith v Farner*, 229 AD2d 1017, 1017-1018; *see, Fox v Martin*, 174 AD2d 875). "The fact that an animal may have previously responded by biting does not automatically establish, as a matter of law, either vicious propensities or knowledge thereof" (*Tessiero v Conrad*, 186 AD2d 330; *see, DiGrazia v Castronova*, 48 AD2d 249, 253). Where, as here, there is conflicting evidence regarding the issue of the dog's vicious propensities, that issue "is for the jury to determine" (1A NY PJI 876 [3d ed 1998]; *see, Hahnke v Friederich*, 140 NY 224, 227).

Defendant testified that he heard that the dog had previously bitten defendant's sister-in-law and a neighbor and that he had erected a stockade fence at the marital residence because the neighborhood children became fearful when the dog charged the existing fence. That testimony constitutes evidence of the facts admitted, but it is not conclusive. It is for the trier of fact to determine whether the statements defendant allegedly heard "were made, what circumstances attended their making, and what effect they have on the issue in dispute" (*Matter of McDonald*, 79 AD2d 754; *see, PJI 1:55 [3d ed 1998]*). Moreover, from the testimony of defendant's ex-wife, Sarah

Finnegan, who was present at the alleged prior biting incidents, a jury could rationally infer that the circumstances of the incidents failed to establish the dog's vicious propensities. Finnegan testified that the dog nipped at a neighbor while the two were roughhousing, leaving a bruise but no tooth marks, and that the dog had growled and nipped at Finnegan's sister as she attempted to take the dog's food bowl while the dog was eating, but again the dog left no tooth marks. Finnegan also testified that the stockade fence was erected to prevent not only the dog in question but her other two dogs from barking at the neighbors. Because a jury could conclude that the circumstances of the alleged prior biting incidents and the charging of the fence by the dog were insufficient to establish the dog's vicious propensities (*see, Hayden v Sieni*, 196 AD2d 573, 574, *appeal dismissed* 82 NY2d 835; *DeVaul v Carvigo, Inc.*, 138 AD2d 669, *lv denied* 72 NY2d 806, *appeal dismissed* 72 NY2d 914), the court erred in directing a verdict on liability in plaintiff's favor. (Appeal from Order of Erie County Court, D'Amico, J.—Negligence.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.