■ In the Matter of MICHAEL WW. and Others, Children Alleged to be Abused and Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HARRY WW., Appellant. [798 NYS2d 222]—

Kane, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered May 28, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be abused and/or neglected.

Respondent is the father of three children, Michael WW. (born in 1990), David WW. (born in 1991) and Rachel WW. (born in 1993). In October 2000, respondent returned home from a night of drinking to find the door locked. He broke a window, crawled through it into the house and confronted his wife. During this confrontation, respondent wrestled the phone away from her, injuring her arm, then placed his forearm against her neck and choked her. The children, who had been upstairs sleeping, became frightened and upset by the situation when they responded to their mother's screams. Due to this incident, respondent's wife fled to Saratoga County with the children. In unrelated proceedings, the wife consented to a neglect finding, whereby Rachel was placed with the Saratoga County Department of Social Services and respondent obtained custody of the two boys.

In late 2003, Michael disclosed that respondent engaged in sexual acts with him on more than one occasion. Based on these allegations, two child protective caseworkers and a State Police investigator interviewed respondent at the police station. Respondent waived his *Miranda* rights and signed a written statement admitting his participation in sexual acts with Michael. Petitioner commenced this proceeding alleging abuse and neglect of all three children. After a fact-finding hearing, Family Court determined that respondent had sexually abused Michael, derivatively abused and neglected the other two children and neglected all three children. The parties stipulated to a disposition based on these findings. Respondent appeals.

Petitioner established by a preponderance of the evidence that respondent sexually abused Michael. Respondent's testimony and written statement provided sufficient evidence of abuse. Respondent incorrectly argues that his written statement was involuntary because he was unable to understand his *Miranda* rights, thus rendering it inadmissible. *Miranda* rights are irrelevant to a Family Ct Act article 10 proceeding because

they are grounded in the rights to remain silent and to counsel under the 5th and 6th Amendments, which only apply in the context of criminal proceedings (*see Terpstra v Niagara Fire Ins. Co.*, 26 NY2d 70, 73-75 [1970]; *Matter of Miles v Nyquist*, 60 AD2d 133, 136 [1977], *lvs dismissed* 44 NY2d 644, 789, 853 [1978]). Respondent's written confession was thus admissible in this civil proceeding, leaving the factfinder to assess the circumstances surrounding the making of that statement and the probative weight to accord it (*see Terpstra v Niagara Fire Ins. Co., supra* at 74; *Matter of Miles v Nyquist, supra* at 136-137; *Matter of McDonald*, 79 AD2d 754, 754 [1980]). Although respondent had an IQ of about 70 and was classified by some agencies as mentally retarded, he testified that the police investigator was polite to him, no tricks or deception were used, the investigator specifically told respondent that it would be up to a judge whether he could go home after making a statement, and the statement was slowly read to him when he told the investigator that he could not read well. His testimony at the fact-finding hearing confirmed his fair treatment by the police, further demonstrating that he was not coerced or tricked into providing a false statement. Under these circumstances, Family Court properly determined that respondent's statement was not only admissible, but was voluntarily made and worthy of belief.

While respondent's written confession was sufficient on its own to support a finding that respondent sexually abused Michael (*see Matter of Nicole V.*, 71 NY2d 112, 119 [1987]), it also corroborated Michael's out-of-court statements, providing further support for that finding (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Christina F.*, 74 NY2d 532, 536 [1989]). This same evidence supports derivative findings as to the other two children because it shows fundamental flaws in respondent's ability to parent which created a substantial risk to those children (*see Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]; *Matter of Kaitlyn R.*, 267 AD2d 894, 897 [1999]). Respondent's contention that Family Court should have obtained testimony from the boys is unpersuasive, as the court correctly determined that they could not be sworn and respondent's counsel declined the court's offer for the children to provide unsworn testimony.

Finally, Family Court also properly found that respondent neglected all three children through his intoxicated act of domestic violence in October 2000. Respondent's reliance on *Nicholson v Scoppetta* (3 NY3d 357 [2004]) is misplaced, as that case stands for the proposition that a victim of domestic violence does not neglect children simply by allowing them to be exposed to such domestic violence. That case does not prevent neglect findings

against the perpetrator of domestic violence, especially when the children are present for such violence and are visibly upset and frightened by it, as the court found the children here were. That incident alone was sufficient to support neglect findings against respondent regarding all three children.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.